

FILED

MAR 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



**Lisa A**
**Wright/VTD/02/USCOURTS**
03/24/2008 11:40 AM

To

cc

bcc

# E-filing

Subject    MDl 1917 In re: Cathode Ray Tube (CRT)  Antitrust Litigation

Dear Clerk,

## CV 08        1621

## SC

I have attached the documents  you have requested.



08cv1doc1.pdf  08cv5doc2.pdf  08cv5dcksht.pdf

008-1621SC

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

2008 JAN -9  PM 1:00

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| MARGARET SLAGLE, on behalf of herself and all others similarly situated, <br> Plaintiff, <br><br> vs. <br><br> CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY OF AMERICA, INC.; L.G. ELECTRONICS, INC.; LG PHILIPS DISPLAY USA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD.; PANASONIC CORPORATION OF NORTH AMERICA; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; SAMSUNG ELECTRONICS CO.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SDI CO. LTD. f/k/a SAMSUNG DISPLAY DEVICE CO.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONICS COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; MT PICTURE DISPLAY COMPANY; MT PICTURE DISPLAY CORPORATION OF AMERICA (New York); MT PICTURE DISPLAY CORPORATION OF AMERICA (Ohio) and LP DISPLAYS, <br> Defendants. | Case No. <br><br> 2:08 cv 5 <br><br> **CLASS-ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Margaret Slagle, individually and on behalf of the Class described

below, brings this action against Defendants for violation of Vermont's antitrust

laws and for unjust enrichment and alleges as follows:

### NATURE OF THE CASE

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

1.    Plaintiff brings this lawsuit as a class action on behalf of individuals

and entities who purchased indirectly cathode-ray tubes ("CRTs") and products

containing CRTs (jointly, "CRT Products") in the Vermont from Defendants

during the period from at least May 1,1998 through the present (the "Class

Period"). CRTs are used in a number of products, including but not limited to, computer monitors and televisions. As used herein, "CRT Products" refers to CRTs and products containing CRTs manufactured by any of the Defendants or their subsidiaries or affiliates.

2.    During the Class Period, Defendants' collusive behavior artificially inflated the price of CRT Products. In particular, Defendants participated in cartel behavior and colluded to fix the prices of CRT Products.

3.    Throughout the Class Period, Defendants' conspiracy was intended to, and did, moderate the downward price pressures on CRT Products caused by the market entry and rapid penetration of more technologically advanced competitive products. As explained in further detail below, liquid crystal displays ("LCD") and plasma display panels ("PDP") were used in the same primary applications as CRTs and presented significant advantages over CRT Products. LCD, PDP and products containing LCD or PDP will collectively be referred to as flat panel display products ("FPD Products"). Many of the Defendants, in addition to manufacturing, distributing and selling CRT Products, were also manufacturers, distributors, and sellers of FPD Products. Defendants who participated in both the market for CRT Products and the market for FPD Products will be specifically identified below.

4.    Because of Defendants' unlawful conduct and conspiracy, Plaintiff and other members of the Class paid artificially inflated prices for CRT Products. Plaintiff and other members of the Class who purchased these products have therefore been damaged by Defendants' illegal actions.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

## JURISDICTION AND VENUE

5.      This Court has diversity subject-matter jurisdiction over this class

action pursuant to the Class Action Fairness Act of 2005, which amends 28 U.S.C.

§1332 to add a new subsection (d) conferring federal jurisdiction over class actions

where, as here, "any member of a class of plaintiffs is a citizen of a State different

from any defendant" and the aggregated amount in controversy exceeds

$5,000,000, exclusive of interest and costs. *See* 28 U.S.C. ' 1332(d)(2) and (6).

This Court also has jurisdiction under 28 U.S.C. §1332(d) because "one or more

members of the class is a citizen of a state within the U.S. and one or more of the

Defendants is a citizen or subject of a foreign state." The Court also has personal

jurisdiction over the parties because Plaintiff submits to the jurisdiction of the

Court and Defendants systematically and continually conduct business here and

throughout the U.S., including marketing, advertising, and sales directed to

residents of this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and

(c) because Defendants as corporations are "deemed to reside in any judicial

district in which [they are] subject to personal jurisdiction."

## PARTIES

7.      Plaintiff Margaret Slagle is a Vermont resident who indirectly

purchased Defendants' CRT Products for end use during the Class Period.

8.      Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a

Taiwanese company with its principal place of business at 1127 Heping Road,

Bade City, Taoyuan, Taiwan. It is a partially owned subsidiary of Tatung

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

3

Company, a consolidated consumer electronics and information technology

company based in Taiwan. Chunghwa's Board of Directors includes

representatives from Tatung Company. The Chairman of Chunghwa, Weishan Lin,

is also the Chairman and General Manager of Tatung Company. During the Class

Period, Chunghwa manufactured, sold, and distributed CRT Products to customers

throughout the U.S., including in Vermont. Chunghwa also manufactured,

distributed and sold FPD Products in the U.S., including in Vermont, during the

Class Period.

9.        Defendant Tatung Company of America, Inc. is a California

corporation with its principal place of business at 2850 El Presidio Street, Long

Beach, California. Tatung Company of America, Inc. is a wholly-owned and

controlled subsidiary of Tatung Company. During the Class Period, Tatung

Company of America, Inc. manufactured, sold, and distributed CRT Products to

customers throughout the U.S., including in Vermont. Tatung Company of

America, Inc. also manufactured, distributed and sold FPD Products in the U.S.,

including in Vermont, during the Class Period.

10.        Defendant LG Electronics, Inc. ("LGE") is a manufacturer of CRT

Products with its global headquarters located at LG Twin Towers 20, Yeouido-

dong, Yeongdeungpo-gu, Seoul, Korea 150-721. During the Class Period, LGE

manufactured, sold and distributed CRT Products to customers throughout the

U.S., including in Vermont. LGE also manufactured, distributed and sold FPD

Products in the U.S., including in Vermont, during the Class Period.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0950 Telephone
(802) 651-0964 Facsimile

4

11. Defendant Matsushita Electric Industrial Co., Ltd ("Matsushita") is a Japanese company and has its global headquarters at 1006 Kadoma, Osaka 571-8501, Japan. Matsushita is the parent company of Panasonic Corporation of North America, JVC Company of America, and Victor Company of Japan, Ltd. During the Class Period, Matsushita manufactured, sold and distributed CRT Products to customers throughout the U.S. Matsushita also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

12. Defendant Panasonic Corporation of North America ("Panasonic") is a subsidiary of Defendant Matsushita and oversees its North American business operations, including sales. Defendant Panasonic has its global headquarters at 1 Panasonic Way, Secaucus, New Jersey, 07094. During the Class Period, Panasonic manufactured, sold and distributed CRT products to customers throughout the U.S., including in Vermont. A substantial portion of the CRTs produced by MT Picture Displays Co., Matsushita's subsidiary, went to Panasonic for Panasonic's production of CRT Products. Panasonic also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

13. Defendant Koninklijke Philips Electronics N.V. ("Koninklijke") has its global headquarters at Breitner Center Amstelplein 2, Amsterdam 1096 BC, Netherlands. During the Class Period, Koninklijke manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont. Koninklijke also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

14.     Defendant Philips Electronics North America Corporation ("Philips Electronics NA"), is a manufacturer of CRT Products. Defendant Philips Electronics NA has its global headquarters at 1251 Avenue of the Americas, New York, New York 10020. During the Class Period, Philips Electronics NA manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont. Philips Electronics NA also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

15.     Defendant LG Philips Display USA, Inc. ("LGPD"), is a manufacturer of CRT Products and is a subsidiary of Philips Electronics NA. Defendant LG Philips Display USA, Inc. has its global headquarters at 300 W Morgan Rd, Ann Arbor, MI 48108-9108, U.S. During the Class Period, LGPD manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont,

16.     Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean company with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Korea. It is the world's largest producer of CRT Products. During the Class Period, Samsung Electronics manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Vermont. Samsung Electronics also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

17.     Defendant Samsung SDI Co., Ltd. ("Samsung SDI") formerly known as Samsung Display Device Co., has its global headquarters at Samsung Life Insurance Bldg 150, Seoul 100-716, Korea. During the Class Period,

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

6

Samsung SDI manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont. Samsung SDI also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

18. Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey. Samsung America is a wholly-owned and controlled subsidiary of Defendant Samsung Electronics Company, Ltd. During the class Period, Samsung America sold and distributed CRT Products manufactured by Samsung Electronics Company, Ltd. to customers throughout the U.S., including in Vermont. Samsung America also sold and distributed FPD Products in the U.S., including in Vermont, during the Class Period.

19. Defendants Samsung Electronics Company, Ltd., Samsung SDI Co., Ltd., and Samsung America are referred to collectively herein as "Samsung."

20. Defendant Toshiba Corporation is a Japanese company with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. During the Class Period, Toshiba Corporation manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Vermont. Toshiba Corporation also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

21. Defendant Toshiba America Electronics Components, Inc. is a California corporation with its principal place of business at 19900 MacArthur Boulevard, Suite 400, Irvine, California. Toshiba America Electronics

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

7

Components, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant Toshiba Corporation. During the Class Period, Toshiba America Electronics Components, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in Vermont. Toshiba America Electronic Components also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in Vermont, during the Class Period.

22.     Defendant Toshiba America Information Systems, Inc. is a California corporation with its principal place of business at 9470 Irvine Blvd., Irvine, California. Toshiba America Information Systems, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant Toshiba Corporation. During the Class Period, Toshiba America Information Systems, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in Vermont. Toshiba America Information Systems also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in Vermont, during the Class Period.

23.     Defendants Toshiba Corporation, Toshiba America Electronics Components, Inc., and Toshiba America Information Systems, Inc. are referred to collectively herein as "Toshiba."

24.     Defendant MT Picture Display Company is a wholly-owned and controlled subsidiary of Defendant Matsushita organized under the laws of Japan with its principal place of business located at Rivage Shinagawa, 1-8, Konan 4-

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

8

chome, Minato-ku, Tokyo 108-0075, Japan. Prior to April 2007, MT Picture Display Company was a joint venture between Matsushita Electric Industrial Co., Ltd. and Toshiba Corporation named Matsushita Toshiba Picture Display Co. Ltd. This joint venture was created in 2003 and integrated the CRTs operations of its parents. During the Class Period, both MT Picture Display and its predecessor Matsushita Toshiba Picture Display Co. Ltd. sold and distributed CRT Products to customers throughout the U.S., including in Vermont.

25.    Defendants MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) were subsidiaries of MT Picture Display Company. Both subsidiaries were incorporated in Maryland and with their principal place of business located at 300 East Lombard Street, Baltimore, MD 21202. During the Class Period, MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) sold and distributed CRT Products to customers throughout the U.S., including in Vermont.

26.    Defendant LP Displays (formerly known as LG Philips Display), a joint venture between LG Electronics and Koninklijke Philips Electronics, is organized under the laws of Hong Kong with its principal place of business located at Corporate Communications, 6th Floor, ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong. During the Class Period, LP Displays sold and distributed CRT Products to customers throughout the U.S., including in Vermont.

27.    Defendants committed the acts alleged in this complaint through their officers, directors, agents, employees, or representatives while they were

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

9

actively engaged in the management, direction, control, or transaction of each defendant's business or affairs.

28.      Defendants' unlawful and intentional concerted actions have severely damaged and will continue to damage Plaintiff and the members of the classes they seek to represent.

## CO-CONSPIRATORS AND AGENCY

29.      Defendants, along with certain other persons, firms, corporations and entities, are co-conspirators in the violations and conspiracies alleged in this Complaint. These co-conspirators have performed acts and made statements in furtherance of the antitrust violation and conspiracies alleged herein.

30.      At all relevant times, each Defendant ratified and/or authorized the wrongful acts of each of the other Defendants. Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes and transactions that are the subject of this Complaint. Defendants participated as numbers of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged in this Complaint, and have performed acts and made statements in furtherance of the violations and conspiracy.

31.      At all times, each Defendant was the agent of the other Defendants and in committing the violations and conspiracies alleged in this Complaint was acting within the course and scope of that agency and with the permission and consent of the principals.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

10

## CLASS-ACTION ALLEGATIONS

32.     Plaintiff brings this action both on behalf of herself and on behalf of

the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All people and business entities in Vermont that indirectly
> purchased CRT Products manufactured, sold, or distributed
> by Defendants, other than for resale, from May 1, 1990 to
> present.
>
> Specifically excluded from this Class are the Defendants;
> the officers, directors or employees of any Defendant; any
> entity in which any Defendant has a controlling interest; and
> any affiliate, legal representative, heir or assign of any
> Defendant. Also excluded are any judicial officers presiding
> over this action.

33.     Plaintiff has met the requirements of Rules 23(a), 23(b)(1), 23(b)(2),

and 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Plaintiff does not know the exact size class, since this information is

in Defendants' exclusive control. But based on the nature of the trade and

commerce involved, Plaintiff believes that the class numbers in the millions and

that the class members are geographically dispersed throughout Vermont.

Therefore, joinder of all class members would be impracticable, and class

treatment is the superior method for fairly and efficiently adjudicating this

controversy.

35.     Plaintiff's claims are typical of other class members' claims because

Plaintiff was injured through the uniform misrepresentations and omissions

described and paid supra-competitive prices for CRT Products without having been

informed that he was paying illegal and improper prices. Accordingly, by proving

his own claim, Plaintiff will presumptively prove the class members' claims.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

11

36.    Common legal and factual questions exist, such as:

    a.    Whether Defendants conspired to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont;

    b.    Whether Defendants conspired to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Vermont;

    c.    The existence and duration of Defendants' horizontal agreements to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont;

    d.    The existence and duration of Defendants' horizontal agreements to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Vermont;

    e.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont;

    f.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to allocate the market for CRT Products marketed, distributed, and sold in Vermont;

    g.    Whether Defendants' conspiracy was implemented;

    h.    Whether Defendants took steps to conceal their conspiracy from Plaintiff and the class members;

    i.    Whether Defendants' conduct caused injury in fact to the business or property of Plaintiff and the class members, and if so, the appropriate classwide measure of damages;

    j.    Whether the agents, officers or employees of Defendants and their co-conspirators participated in telephone calls, meetings, and other communications in furtherance of their conspiracy; and

    k.    Whether the purpose and effect of the acts and omissions alleged was to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont, and to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Vermont.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

12

37.    Plaintiff can and will fairly and adequately represent and protect the

class members' interests and has no interests that conflict with or are antagonistic

to the class members' interests. Plaintiff's attorneys are experienced and

competent in complex-class- action and consumer-antitrust litigation.

38.    Class certification of the proposed class is appropriate under Rule

23(b)(3) of the Federal Rules of Civil Procedure because a class action is the

superior procedural vehicle for the fair and efficient adjudication of the claims

asserted given that:

a.    Common questions of law and fact overwhelmingly
predominate over any individual questions that may arise
among or within the respective, alternative classes and,
consequently, enormous economies to the court and parties
exist in litigating the common issues on a classwide basis or,
alternatively, bases, instead of on a repetitive individual
basis or, alternatively, bases;

b.    Each individual class member's damage claim is too small
to make individual litigation an economically viable
alternative, and few class members have any interest in
individually controlling the prosecution of separate actions;

c.    Class treatment is required for optimal deterrence and
compensation and for limiting the court-awarded reasonable
legal expenses incurred by class members; and

d.    Despite the relatively small size of each individual class
member's claim, the aggregate volume of their claims,
whether considered in one class, coupled with the economies
of scale inherent in litigating similar claims on a common
basis, will enable this case to be litigated as a class action on
a cost effective basis, especially when compared with
repetitive individual litigation, and no unusual difficulties
are likely to be encountered in this class action's
management in that all legal and factual questions are
common to the class or, alternatively, classes.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

13

39. Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because prosecution of separate actions would create a risk of adjudication with respect to individual class members, which may as a practical matter, dispose of other class members' interests who aren't parties to the adjudication or which may substantially impair or impede their ability to protect their interests. Separate actions prosecuted by individual class members would also create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

40. Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the class' members.

41. Plaintiff's claims are typical of the associated class members' claims because Defendants injured Plaintiff and the class members in the same manner (i.e., Plaintiff and the class members were forced to pay supra-competitive prices for CRT Products).

## TRADE AND COMMERCE

42. During the Class Period, each Defendant, or one or more of its subsidiaries, sold CRT Products in the U.S., including into Vermont, in a continuous and uninterrupted flow of interstate commerce and foreign commerce, including through and into this judicial district.

43. The business activities of the Defendants substantially affected interstate trade and commerce in the U.S., including Vermont, and caused antitrust injury in the U.S., including in Vermont.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

14

## FACTUAL ALLEGATIONS

### A.    CRT Technology

44.    CRT technology has been in use for more than 100 years. The basic

cathode-ray tube consists of three elements: The envelope, the electron gun, and

the phosphor screen.



**Cross-sectional representation of a cathode ray tube**

*Source: DIYcalculator.com, available at www.diycalculator.com/sp-console.shtml.*

45.    CRTs are manufactured in several standard sizes, including 17 inch,

19 inch, 27 inch, and 32 inch. CRTs manufactured by Defendants are

interchangeable with one another.

### B.    Trends within the CRT Products Market and Increased Competition from FPD Products

46.    The worldwide market for CRT Products is and has been large. In

1997, the worldwide CRTs market exceeded $24 billion in sales.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

15

47.    At the beginning of the Class Period, CRTs were the dominant display technology worldwide. For example, in 1997, 99.3% of all computer monitors sold worldwide contained CRTs. In 2005, approximately 47 million CRT monitors were sold worldwide, and approximately 20.3% of these were sold in the U.S.

48.    Although the value of all display materials shipped worldwide is projected to rise at an average annual growth rate of 12.8% by 2010, worldwide demand for CRT Products is declining overall because of the growing popularity of FPD Products which are being used in place of CRT Products. (<http://www.bccresearch.com/RepTemplate. cfm?reportID=552&RepDet=HLT&cat=smc&target=repdet...11/13/2007>).  CRT Products' share of the market declined precipitously in the U.S. where FPD Products achieved more rapid market penetration.

49.    FPD Products may be used to produce the same image as CRT Products but also have many important advantages over CRT Products.  For example, FPD Products are less bulky, require less energy, are easier to read, and do not flicker.

50.    In 1995, recognizing the increasing significance of FPD technologies, Korean manufacturers Samsung and LG Electronics entered the FPD Product market, leading to a surge in FPD Product manufacturing capacity.

51.    The market share of CRT Products declined as other newer technologies emerged and were brought to market.  As demonstrated in the chart

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

16

below, by 1998, FPD Products had already achieved 32% of the U.S. market for

CRT Products. Penetration by FPD Products is projected to reach 96% by 2009.

FPD Products' global penetration has not been as dramatic as it was in the U.S. due

to the continued popularity of lower-priced CRT Products in China, India, and

South America.



*Source: David Hsieh, Flat Panel Display Market Outlook, DisplaySearch
Presentation, Nov. 5, 2005.*

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

52.    CRT TVs currently account for only a minority share of television

set revenues in North America (37.3%), Japan (9.5%) and Europe (31.0%).

Naranjo, *The Global Television Market*, DisplaySearch Report, p. 19.

53.    During the Class Period, while demand for CRT Products continued

to fall in the U.S., Defendants' conspiracy was effective in moderating the normal

downward pressures on prices for CRT Products caused by the entry of the new generation of competing technologies. Indeed, during the Class Period, there were not only periods of unnatural and sustained price stability, but there were also inexplicable increases in the prices of CRTs, despite declining demand due to approaching obsolescence of CRTs caused by the emergence of a new, superior, substitutable technology.

54.    These periods of price stability and price increases for CRTs are fundamentally inconsistent with a competitive market for a product where demand is rapidly decreasing because of the introduction of new superior technologies.

**C.    Structure of the CRT Product Industry**

55.    The CRT Product industry is characterized by a number of structural features that facilitate collusion, including market concentration, the consolidation of manufacturers, multiple interrelated business relationships, significant barriers to entry, and interchangeability of products.

56.    Defendant Samsung SDI has the largest market share of any CRT Products manufacturer at this point in time. In 2000, Defendant Samsung SDI had 18% of the global CRTs market. In 2002, Samsung SDI had 21.8% of the global market for CRT monitors. In 2004, Samsung SDI had a 30% share of the global CRTs market.

57.    Defendant LP Displays (formerly LG.Philips Displays) has the second largest share of the CRTs market. In 2004, LG.Philips Displays held 27% of the global market for CRT.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

18

58.    Defendant MT Picture Display (formerly Matsushita Toshiba Display Co.) is also a major player in the CRTs market. In 2004, Matsushita Toshiba Picture Display Co. held 9% of the global market for CRTs.

59.    Defendant Chunghwa Picture Tubes held 21.7% of the global CRTs market in 1999.

60.    In 2004, Defendants Samsung SDI, LP Displays, MT Picture Display, and Chunghwa Picture Tubes maintained a collective 78% of the global CRTs market.

61.    The market for CRT Products is subject to high manufacturing and technological barriers to entry. Efficient fabrication plants are large and costly and require years of research, development and construction. Technological advances have caused Defendants to undertake significant research and development expenses.

62.    The CRT Products market has also been subject to substantial consolidation and multiple interrelated business relationships during the Class Period. Matsushita Electric Industrial Co. Ltd. and Toshiba Corporation combined their efforts by forming Defendant MT Picture Display Company. At the time of the formation of MT Picture Display, Matsushita and Toshiba had been the fourth and sixth largest CRT manufacturers in the world. This joint venture combined the entire CRT operations of both parent companies. MT Picture Display Company specialized in the manufacture of CRTs above 30 inches, supplying some 950,000 units annually to the North American market.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

19

63.     In November 2000, Defendants LG Electronics and Koninklijke Philips Electronics agreed to enter a 50/50 joint venture that merged their CRT operations. The resulting joint venture, originally named LG.Philips Displays, and renamed LP Displays in 2007, entered the market with a 25% share, making it the second largest CRTs manufacturer only behind Samsung SDI at the time.

64.     In 2005, Samsung SDI and LG.Philips Displays entered into an agreement to share parts with respect to CRTs in an effort to boost their combined market share.

65.     Defendants sell their CRT Products through various channels, including to manufacturers of electronic products and devices, and to resellers of CRT Products, and incorporate CRTs into their own manufactured products, which are then sold directly to consumers.

## D.     International Antitrust Investigations

66.     Competition authorities in the U.S., Europe, Japan and South Korea recently engaged in coordinated actions, including raids, targeting the unlawful CRT Products cartel alleged in this Complaint. On November 9, 2007, the Reuters news agency reported:

> Antitrust authorities in Europe and Asia raided a Matsushita Electric Industrial Co. Ltd. unit and other cathode ray tube markers on suspicion of price fixing, weighing on the share of the Panasonic maker.

>                    *          *          *

> Matsushita confirmed Japan's Fair Trade Commission (FTC) had begun a probe of its cathode ray tube unit. MT Picture Display Co. Ltd., while Samsung SDI Co. Ltd. said South Korea's FTC had started an investigation into its CRT business.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

20

www.reuters.com/article/mergersNews/idUSL0890850720071109.

67.     On November 9, 2007, the European Commission confirmed in Brussels that "on November 8 Commission officials carried out unannounced inspections at the premises of manufacturers of cathode ray tubes." The European Commission's announcement continued stating, "The Commission has reason to believe that the companies concerned may have violated EC Treaty rules on cartels and restrictive business practices."

68.     On November 12, 2007, Chunghwa Picture Tubes, Ltd. confirmed that it had received a subpoena from a California district court relating to CRTs. A federal grand jury operating under the auspices of the U.S. Department of Justice, Antitrust Division ("DOJ") through its San Francisco office issued the subpoena.

69.     On November 21, 2007, Koninklijke Philips Electronics, N.V. reported that it and its joint venture with LG Electronics, LP Displays, are also targets of the coordinated investigation into collusive practices and other antitrust violations in the CRTs market.

70.     The Defendants include known recidivist antitrust violators. Samsung, for example, was fined $300 million by the DOJ in October 2005 for participating in a conspiracy to fix prices for Dynamic Random Access Memory. It is also under investigation by the DOJ (along with some of the other Defendants, including Toshiba) for fixing prices of Static Random Access Memory. Samsung and Toshiba are also being investigated for collusion among manufacturers of NAND flash memory.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

21

71.     Several Defendants, including Samsung and a joint venture between

LG Electronics and Koninklijke Philips Electronics, are targets of a coordinated

investigation by the DOJ and antitrust authorities in Europe, Japan and South

Korea in connection with anticompetitive conduct in the market for LCD Products.

Because LCD Products and CRT Products are used in the same primary

applications, collusion with respect to CRT Product prices would bolster these

same Defendants' LCD pricing cartel. Keeping CRTs prices artificially inflated

also would serve both to increase profits on remaining CRTs sales while protecting

LCD prices.

## FRAUDULENT CONCEALMENT

72.     Plaintiff and members of the Class did not discover and could not

discover through the exercise of reasonable diligence the existence of the

conspiracy alleged herein any earlier than November 9, 2007 when it was first

publicly reported that manufacturers of CRT Products were under investigation by

antitrust authorities in Europe, Japan, and South Korea for conspiring to fix the

prices of CRT Products.

73.     Because Defendants' agreements, understandings, and conspiracies

were kept secret until November 9, 2007, Plaintiff and members of the Class

before that time were unaware of Defendants' unlawful conduct alleged herein, and

they did not know before that time they were paying artificially high prices for

CRT Products throughout the U.S., including in Vermont, during the Class Period.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

22

74.     The affirmative acts of the Defendants alleged herein, including acts

in furtherance of the conspiracy, were wrongfully concealed and carried out in a

manner that precluded detection.

75.     By its very nature, Defendants' price fixing conspiracy was

inherently self-concealing. The CRT industry is not exempt from antitrust

regulation, and thus, before November 9, 2007, Plaintiff reasonably considered it to

be a well-regulated competitive industry.

76.     In the context of the circumstances surrounding Defendants' pricing

practices, Defendants' acts of concealment were more than sufficient to preclude

suspicion by a reasonable person that Defendants' pricing was collusive and

conspiratorial. Accordingly, a reasonable person under the circumstances would

not have been alerted to investigate the legitimacy of Defendants' prices before

November 9, 2007.

77.     Plaintiff and members of the Class could not have discovered the

alleged contract, conspiracy, or combination at an earlier date by the exercise of

reasonable diligence because of the deceptive practices and techniques of secrecy

employed by the Defendants and their co-conspirators to avoid detection of, and

fraudulently conceal, their contract, combination, or conspiracy.

78.     Because the alleged conspiracy was both self-concealing and

affirmatively concealed by Defendants and their co-conspirators, Plaintiff and

members of the Class had no knowledge of the alleged conspiracy, or of any facts

or information that would have caused a reasonably diligent person to investigate

whether a conspiracy existed, until November 9, 2007, when reports of the

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

23

investigations into price fixing in the CRT industry were first publicly
disseminated.

79.     None of the facts or information available to Plaintiff and members
of the Class prior to November 9, 2007, if investigated with reasonable diligence,
could or would have led to the discovery of the conspiracy alleged herein prior to
November 9, 2007.

80.     As a result of the self-concealing nature of the conspiracy and the
active concealment of the conspiracy by Defendants and their co-conspirators, any
and all applicable statutes of limitations otherwise applicable to the allegations
herein have been tolled.

## COUNT I
## VIOLATION OF THE VERMONT ANTITRUST ACT

81.     Plaintiff incorporates and re-alleges paragraphs 1 – 80.

82.     From May 1, 1998 through present, Defendants engaged in an unfair
method of competition in Vermont commerce and in unfair or deceptive acts or
practices in Vermont commerce by conspiring to fix CRT Products' prices and to
allocate CRT Products' customers and markets. Defendants' conspiracy lessened
full and free competition in CRT Products' importation and sale into Vermont and
controlled their costs, which violated 9 Vt. Stat. Ann. §2451 *et seq*.

83.     Defendants' conspiracy caused them to (a) fix, raise, maintain, and
stabilize CRT Products prices; (b) allocate CRT Products customers and markets;
and (c) caused Plaintiff and the other Vermont class members to pay higher prices
for CRT Products that they indirectly purchased from Defendants.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

## COUNT II
## UNJUST ENRICHMENT

88.    Plaintiff repeats and re-alleges paragraphs 1 through 80.

89.    As the result of Defendants' illegal agreement, contract,

combination, and conspiracy, Plaintiff and the class members conferred a benefit

upon Defendants, and Defendants received and retained this benefit under such

circumstances that it would be inequitable and unconscionable to permit

Defendants to retain this benefit without paying its reasonable value to Plaintiff

and the class members.

90.    As a direct and proximate result of Defendants' unjust enrichment,

Plaintiff and the class members suffered injury and seek an order directing

Defendants to return to them the amount each of them improperly paid to

Defendants, plus interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in the class

members' favor and against Defendants, as follows:

A.    That this Court determine that this action may be maintained as a
class action under Rule 23 of the Federal Rules of Civil Procedure
and certify the Vermont class;

B.    That this Court rule that Defendants' conspiracy violated Vermont
law and that compensatory damages, including treble damages, are
appropriate;

C.    That this Court determine that Defendants were unjustly enriched;

D.    That this Court permanently enjoin Defendants from conspiring to
fix CRT Products' prices and allocating CRT Products' markets or
other injunctive relief as this Court deems appropriate;

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

26

E.      That this Court award Plaintiff post-judgment interest, his costs, and
        reasonable attorneys' fees; and

F.      That this Court order any other relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Dated: January 9, 2008                          Respectfully submitted,

                                                Mary G. Wirp

                                                Mary G. Kirkpatrick, Esquire
                                                **Kirkpatrick & Goldsborough, PLLC**
                                                Lakewood Commons
                                                1233 Shelburne Road, Suite E-1
                                                South Burlington, VT  05401
                                                Telephone:  (802) 651-0960
                                                Facsimile:   (802) 651-0964
                                                E-mail:      mkirk@vtlawfirm.com

                                                Daniel R. Karon, Esquire
                                                **Goldman Scarlato & Karon, P.C.**
                                                55 Public Square, Suite 1500
                                                Cleveland, OH  44113-1998
                                                Telephone:   (216) 622-1851
                                                Facsimile:    (216) 622-1852
                                                E-mail:  karon@gsk-law.com

                                                Krishna B. Narine, Esquire
                                                **Law Office of Krishna B. Narine, P.C.**
                                                2600 Philmont Avenue, Suite 324
                                                Huntingdon Valley, PA  19027
                                                Telephone:   (215) 914-2460
                                                Facsimile:    (215) 914-2462
                                                E-mail:  knarine@kbnlaw.com

                                                Isaac L. Diel, Esquire
                                                **Sharp Mcqueen P.A.**
                                                Financial Plaza
                                                6900 College Blvd.; Suite 285
                                                Overland Park, KS  66211
                                                Telephone:   (913) 661-9931
                                                Facsimile:    (913) 661-9935
                                                E-mail:  Dslawkc@aol.com

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

27

Donna F. Solen, Esquire
**The Mason Law Firm, LLP**
1225 19th Street, N.W.; Suite 500
Washington, DC 20036
Telephone:    (202) 640-1162
Facsimile:    (202) 429-2294
E-Mail: dsolen@masonlawdc.com

*Attorneys for Plaintiff and the Class*

26393-001

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| MARGARET SLAGLE, on behalf of herself and all others similarly situated, | CHUNGHWA PICTURE TUBES, LTD., et al. |

| (b)  County of Residence of First Listed Plaintiff  CHITTENDEN, VT | County of Residence of First Listed Defendant  TAIWAN |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

(c) Attorney's (Firm Name, Address, and Telephone Number)

Mary G. Kirkpatrick, Esq.; Kirkpatrick & Goldsborough, PLLC
1233 Shelburne Rd., Ste. E-1; So. Burlington, VT 05403 (802-651-0960)

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1

Brief description of cause:
Class Action

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

### VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  1/9/08

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  350   APPLYING IFP  _____   JUDGE  1011   MAG. JUDGE  _____

468 2000798

2:08-cv-5



Case 2:08-cv-00005-wks    Document 2    Filed 01/29/2008    Page 1 of 2

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

January 22, 2008

File 04008.0248

BY COURIER
Jeffrey N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary
Building One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

**RECEIVED**
BURLINGTON, VT

JAN 29 2008
2:08-cv-5
CLERK'S OFFICE
U S. DISTRICT COURT

Re: IN RE:  Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917

Dear Mr. Lüthi :

Enclosed for filing on behalf of  Defendant Philips Electronics North America Corporation a/k/a PENAC, please find for filing an original and four (4) copies of the following documents which relate to the above-captioned matter:

(1)    Notice of Appearance;

(2)    Notice of Presentation or Waiver of Oral Argument

(3)    Rule 5.3 Corporate Disclosure Statement;

(4)    Philips Electronics North America Corporation's Interested Party Response to: (1) Plaintiff Crago, Inc.'s Motion for Transfer of Actions to the Northern District of California for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, and (2) New York Direct Purchaser Plaintiff's Motion for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, (3) Plaintiff Princeton Display Technologies, Inc.'s Motion for Transfer and Consolidation of Related Antitrust Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407, (4) Plaintiff Glanz's Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer but Seeking Transfer and Consolidation in the District of South Carolina; and (5) Plaintiff Wettstein & Sons, Inc.'s Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer but Seeking Transfer and Consolidation in the District of Minnesota; Schedule of Actions;

(5)    Schedule of Actions; and

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC



**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: CATHODE RAY TUB (CRT)          :          MDL DOCKET NO. 1917
ANTITRUST LITIGATION ·                :

---

**NOTICE OF APPEARANCE ON BEHALF OF
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION**

Pursuant to Rule 5.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, Defendant Philips Electronics North America Corporation, designates the undersigned

attorney, Joseph A. Ostoyich, to receive service at the address set forth below all pleadings,

notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict

Litigation in this proceeding.

DATED: January 22, 2008                  HOWREY LLP

Joseph A. Ostoyich
John Taladay
Ethan E. Litwin
1299 Pennsylvania Ave., NW
Washington, DC 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610
Email:  ostoyichj@howrey.com
             taladayj@howrey.com
             litwine@howrey.com

## LIST OF ACTIONS

| Case Name | Docket | Filed |
|---|---|---|
| Arch Electronics, Inc. v. LG Electronics, Inc, et al. | S.D.N.Y.07-10664 | 11/29/2007 |
| Art's TV & Appliance v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 07-6416 | 12/19/2007 |
| Benson v. Chunghwa Picture Tubes, LTD. et al. | E.D. Tenn. 08-11 | 1/14/2008 |
| Caldwell v. Matsushita Electric Industrial Co., Ltd., et al. | N.D. Cal. 07-6303 | 12/13/2007 |
| Carroll Cut-Rate Furniture v. Chunghwa Picture Tubes. Ltd.. Et al. | N.D. Cal. 08-309 | 1/16/2008 |
| Cook v. Chunghwa Picture Tubes, LTD. et al | W.D. Ark. 08-5013 | 1/11/2008 |
| Crago, Inc. v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 07-5944 | 11/26/2007 |
| Figone v. LG Electronics, Inc., et al. | N.D. Cal. 07-6331 | 12/13/2007 |
| Glanz v. Chunghwa Picture Tubes Ltd et al | D.S.C. 07-4175 | 12/31/2007 |
| Hawel v. Chungwa Picture Tubes, Ltd., et al. | N.D. Cal. 07-6279 | 12/12/2007 |
| Industrial Computing, Inc. v. Chungwa Picture Tubes, Ltd., et al. | S.D.N.Y.07-11203 | 12/13/2007 |
| Juetten v. Chungwa Picture Tubes, Ltd., et al. | N.D. Cal. 07-6225 | 12/10/2007 |
| Kindt v. Matsushita Electric Industrial Co, LTD. | S.D.N.Y. 07-10322 | 11/13/2007 |
| Kushner et al v. Chunghwa Picture Tubes, Ltd. et al | D. Minn. 08-1608 | 1/16/2008 |
| Meijer, Inc., et al. v. LG Electronics, Inc., et al. | S.D.N.Y. 07-10674 | 11/29/2007 |
| Monikraft, Inc v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 07-6433 | 12/21/2007 |
| Muchnick, Inc. v. Chungwa Picture Tubes, Ltd., et al. | N.D. Cal. 07-5981 | 11/27/2007 |
| Ok TV & Appliances, LLC v. Samsung Electrionics Co., Ltd., et al. | D.N.J. 08-86 | 1/7/2008 |
| Orion Home Systems, LLC v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 08-178 | 1/10/2008 |
| Pierce v. Bejing-Matasushita Color CRT Co., Ltd., et al. | N.D. Cal. 08-337 | 1/17/2008 |
| Princeton Display Technologies, Inc. v. Chungwa Picture Tunes, Ltd., et al. | D.N.J. 07-5713 | 11/29/2007 |
| Royal Data Services, Inc. v. Samsung Electronics Co. Ltd., et al. | D.N.J. 08-39 | 1/2/2008 |
| Slagle v. Chunghwa Picture Tubes, Ltd. et al | D. Ver. 08-05 | 1/9/2008 |
| Southern Office Supply, Inc. v. Chunghwa Picture Tubes, LTD. et al | N.D. Ohio 08-62 | 1/10/2008 |
| Wettstein & Sons, Inc. v. Chunghwa Picture Tubes, Ltd., et al. | D. Minn. 07-4889 | 12/18/2007 |

**RECEIVED**

JAN 2 9 2003
08cvS
U.S. DISTRICT COURT
BURLINGTON, VT

### BEFORE THE JUDICIAL PANEL
### ON MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUB (CRT)    :    MDL DOCKET NO. 1917
ANTITRUST LITIGATION    :
                        :

### PANEL RULE 5.3 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule of Procedure 5.3 of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, Defendant Philips Electronics North America Corporation states as

follows:

1)    Philips Electronics North America Corporation's parent corporation is Philips
      Holding USA Inc. Philips Holding USA Inc.'s parent corporation is Koninklijke
      Philips Electronics N.V.

2)    No public company owns 10% or more of Philips Electronics North America
      Corporation.

DATED: January 22, 2008                HOWREY LLP

                                       Joseph A. Ostoyich
                                       John Taladay
                                       Ethan E. Litwin
                                       1299 Pennsylvania Ave., NW
                                       Washington, DC 20004-2402
                                       Tel: (202) 783-0800
                                       Fax: (202) 383-6610
                                       Email: ostoyichj@howrey.com
                                              taladayj@howrey.com
                                              litwine@howrey.com

                                       *Attorneys for Defendant Philips*
                                       *Electronics North America Corporation*

RECEIVED

JAN 2 9 2003
08cv5
U.S. DISTRICT COURT
BURLINGTON, VT

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

MDL DOCKET NO. 1917

**INTERESTED PARTY RESPONSE OF PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION TO (1) PLAINTIFF CRAGO, INC.'S MOTION FOR
TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1407, (2) NEW YORK DIRECT PURCHASER
PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN
DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS, (3)
PLAINTIFF PRINCETON DISPLAY TECHNOLOGIES, INC.'S MOTION FOR
TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST ACTIONS TO
THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407, (4)
PLAINTIFF GLANZ'S INTERESTED PARTY RESPONSE CONCURRING IN
THE 28 U.S.C. MOTION TO TRANSFER BUT SEEKING TRANSFER AND
CONSOLIDATION IN THE DISTRICT OF SOUTH CAROLINA; AND (5)
PLAINTIFF WETTSTEIN & SONS, INC.'S INTERESTED PARTY RESPONSE
SEEKING TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST
ACTIONS TO THE DISTRICT OF MINNESOTA
PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 7.2(c) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, defendant Philips Electronics North America ("PENAC") hereby

responds to (1) Plaintiff Crago, Inc.'s Motion for Transfer of Actions to the Northern

District of California for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28

U.S.C. § 1407, and (2) New York Direct Purchaser Plaintiff's Motion for Transfer of

-1-

also all antitrust class actions by direct or indirect purchasers alleging price fixing of CRT products.[2]

    4.    PENAC agrees that consolidation of the CRT cases pursuant to 28 U.S.C. § 1407 is appropriate. The cases concern many of the same parties and similar allegations of purported events. There will be substantial efficiencies if the cases are conducted for pre-trial purposes before the same judge. In addition, because there is an overlap of both plaintiffs' counsel and defense counsel, conducting the cases before the same judge will make the cases easier to manage. Transfer and consolidation to one forum will conserve scarce judicial resources, avoid the potential for conflicting pre-trial results, and reduce duplicative pre-trial

---

[2] The titles of the cases that have been filed in other Districts throughout the United States are as follows: *Art's TV & Appliance v. Chunghwa Picture Tubes, LTD. et al*, No. C-07-6416 (N.D. Cal.), filed on Dec. 19, 2007; *Benson v. Chunghwa Picture Tubes, LTD. et al.*, No. C-08-11 (E.D. Tenn.), filed on Jan. 14, 2008; *Caldwell v. Matsushita Electric Industrial Co., Ltd. et al.*, No. C-07-06303 (N.D. Cal.), filed on Dec. 13, 2007; *Carroll Cut-Rate Furniture v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-08-309, (N.D. Cal.), filed on Jan 17, 2008; *Cook v. Chunghwa Picture Tubes, LTD. et al*, No. C-08-5013 (W.D. Ark.), filed on Jan. 11, 2008; *Crago Inc. v. Chunghwa Picture Tubes et al.*, No. C-07-05944 (N.D. Cal.), filed on Nov. 26, 2007; *Figone v. LG Electronics, et al.*, No. C-07-06331 (N.D. Cal.), filed on Dec. 13, 2007; *Glanz v. Chunghwa Picture Tubes Ltd et al.*, No. C-07-4175 (D.S.C.), filed on Dec. 31, 2007; *Hawel v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-07-06279 (N.D. Cal.), filed on Dec. 12, 2007; *Juetten v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-07-06225 (N.D. Cal.), filed on Dec. 10, 2007; *Kushner v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-08-1608 (D. Minn.), filed on Jan. 16, 2008; *Monikraft, Inc v. Chunghwa Picture Tubes, Ltd. et al.*, No. C-07-6433 (N.D. Cal.), filed on Dec. 21, 2007; *Muchnick v. Chunghwa Picture Tubes, et al.*, No. C-07-05981 (N.D. Cal.), filed on Nov. 27, 2007; *OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.*, No. C-08-86 (D.N.J.), filed on Jan. 7, 2008; *Orion Home Systems, LLC v. Chunghwa Picture Tubes, Ltd.. et al.*, No. C-08-178 (N.D. Calif.), filed on Jan. 10, 2008; *Pierce v. Beijing Matsushita Color CRT Co., Ltd., et al.*, No. C-08-337 (N.D. Cal.), filed on Jan. 17, 2008; *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Inc., et al.*, No. C-07-05713 (D.N.J.), filed on Nov. 29, 2007; *Royal Data Services, Inc. v. Samsung Electronics Co. Ltd., et al.*, No. C-08-39 (D.N.J.), filed on Jan. 2, 2008; *Slagle v. Chunghwa Picture Tubes, Ltd. et al.*, No. C-08-05 (D. Vt.), filed on Jan. 9, 2008; *Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd. et al.*, No. C-08-62 (N.D. Ohio), filed on Jan. 10, 2008; *Wettstein & Sons, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-07-4889 (D. Minn.), filed on Dec. 18, 2007.

-3-

labor and expense for all parties. *In re Cuisinart Food Processor Antitrust Litigation*, 506 F.Supp. 651, 655 (J.P.M.L. 1981) ("transfer under Section 1407 is ... necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, witnesses and the judiciary"). *Accord In re Motion Picture Licensing Antitrust Litigation*, 468 F.Supp. 837, 841-42 ( J.P.M.L. 1979); *In re Cement and Concrete Antitrust Litigation*, 465 F.Supp. 1299, 1300-01 (J.P.M.L. 1979).

5.      PENAC agrees with the New York Direct Purchaser plaintiffs that the Southern District of New York is the most appropriate venue for the consolidated actions. The Southern District of New York was the forum selected by the first plaintiff to file a complaint, the *Kindt* indirect purchaser action, and three of the related direct purchaser actions have been filed in the district. *See In re Nortel Networks Corp. Secs. and "ERISA" Litig.*, 269 F. Supp.2d 1367 (J.P.M.L. 2003) (transferring to the district in which the first plaintiff filed a complaint). In addition, more than half of the related actions currently pending are located in districts on the eastern half of the United States, including actions pending in the Western District of Arkansas (one case); District of Minnesota (two cases), District of New Jersey (three cases), Southern District of New York (four cases); Northern District of Ohio (one case), District of South Carolina (one case), Eastern District of Tennessee (one case), District of Vermont (one case).

6.      New York City is geographically convenient location for most of the parties and witnesses. *See In re Prempro Prods. Liab. Litig.*, 254 F.Supp. 2d 1366, 1368 (J.P.M.L. 2003) (taking into account "the range of locations of parties and witnesses in this docket and the geographic dispersal of current and anticipated constituent actions"). In particular, PENAC is headquartered in New York City. Other parties and witnesses who are not physically located in New York City nonetheless have easy access to the city through any of the three

-4-

airports servicing the area, two of which are international airports, several Amtrak train lines and other commuter trains. In particular, this case may involve travel to or from Europe, and New York City will be the most convenient forum for European witnesses.

7.    In addition, the Southern District of New York has considerable expertise in dealing with the issues presented by complex multidistrict litigation. *See, e.g., In re Digital Music Antitrust Litig.*, 444 F.Supp.2d 1351 (J.P.M.L. 2006); *In re Elevator and Escalator Antitrust Litig.*, 350 F.Supp. 2d 1351 (J.P.M.L. 2004); *In re Pineapple Antitrust Litig.*, 342 F.Supp. 2d 1348 (J.P.M.L. 2004); *In re Oxycontin Antitrust Litig.*, 314 F.Supp. 2d 1388 (J.P.M.L. 2004); *In re Wireless Tel. Servs. Antitrust Litig.*, 249 F.Supp.2d 1379 (J.P.M.L. 2003); *In re Currency Conversion Fee Antitrust Litig.*, 176 F.Supp. 2d 1379 (J.P.M.L. 2001); *In re European Rail Pass Antitrust Litig.*, No. 1386, 2001 WL 587855 (J.P.M.L. Feb. 7, 2001); and *In re High Pressure Laminate Antitrust Litig.*, No. MDL 1368, 2000 WL 33180479 (J.P.M.L. Oct. 6, 2000). The Honorable George B. Daniels, who has been assigned the New York actions, has considerable experience in adjudicating antitrust claims and is eminently qualified to handle this litigation. Additionally, Magistrate Judge Theodore H. Katz, has been assigned to the New York cases and is also particularly experienced, capable and efficient judge. Because of the capabilities of both Judge Daniels and Magistrate Katz, and well as the general expertise of the Southern District of New York in dealing with the matters at issue in these cases, this forum is particularly suited to handle this litigation.

CLOSED

## U.S. District Court
## District of Vermont (Burlington)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00005-wks
## Internal Use Only

Slagle v. Chunghwa Picture Tubes, Ltd. et al
Assigned to: Judge William K. Sessions III
Cause: 15:1 Antitrust Litigation

Date Filed: 01/09/2008
Date Terminated: 03/24/2008
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

### Plaintiff

**Margaret Slagle**
*on behalf of herself and all others*
*similarly situated*

represented by **Mary Gilmore Kirkpatrick**
Kirkpatrick & Goldsborough, PLLC
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960
Fax: (802) 651-0964
Email: mkirk@vtlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant
**Chunghwa Picture Tubes, Ltd.**

### Defendant
**Tatung Company of America, Inc.**

### Defendant
**L.G. Electronics, Inc.**

### Defendant
**LG Philips Display USA, Inc.**

### Defendant
**Matsushita Electric Industrial Co. Ltd.**

### Defendant

**Panasonic Corporation of North
America**

**Defendant**
**Koninklijke Philips Electronics N.V.**

**Defendant**
**Philips Electronics North America
Corporation**

**Defendant**
**Samsung Electronics Co.**

**Defendant**
**Samsung Electronics America, Inc.**

**Defendant**
**Samsung SDI Co. Ltd.**
*formerly known as*
Samsung Display Device Co.

**Defendant**
**Toshiba Corporation**

**Defendant**
**Toshiba America Information Systems,
Inc.**

**Defendant**
**MT Picture Display Company**

**Defendant**
**MT Picture Display Corporation of
America (New York)**

**Defendant**
**MT Picture Display Corporation of
America (Ohio)**

**Defendant**
**LP Displays**

**Defendant**
**Toshiba America Electronics
Components Inc.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/24/2008 | ◉4 | *CERTIFIED* CONDITIONAL TRANSFER ORDER (CTO-1). Case transferred to Northern District of California. (Attachments: # 1 Schedule CTO-1 - Tag-Along Actions)(law) (Entered: 03/24/2008) |
| 03/17/2008 | ◉3 | COPY of Letter from United States Judicial Panel on Multidistrict Litigation to Northern District of California. (Attachments: # 1 Conditional Transfer Order (CTO-1), # 2 Schedule CTO-1 - Tag-Along Actions, # 3 Involved Counsel List (CTO-1), # 4 Involved Judges List (CTO-1), # 5 Involved Clerks List (CTO-1)) (law) (Entered: 03/17/2008) |
| 01/29/2008 | ◉2 | RECEIVED copy on behalf of Defedant Philips Electronics North America Corporation a/k/a PENAC of the following: (Attachments: # 1 Notice of Appearance, # 2 Rule 5.3 Corporate Disclosure Statement, # 3 Response, # 4 Schedule of Actions, # 5 Certificate of Service) (law) (Entered: 02/05/2008) |
| 01/09/2008 | ◉1 | CLASS-ACTION COMPLAINT against all defendants filed by Margaret Slagle. (Filing fee $350) (Attachments: # 1 Civil Cover Sheet)(law) (Entered: 01/09/2008) |

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2008 JAN -9 PM 1:00

CLERK
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

MARGARET SLAGLE, on behalf of
herself and all others similarly situated,
        Plaintiff,

vs.

CHUNGHWA PICTURE TUBES, LTD.;
TATUNG COMPANY OF AMERICA, INC.;
L.G. ELECTRONICS, INC.; LG PHILIPS
DISPLAY USA, INC.; MATSUSHITA
ELECTRIC INDUSTRIAL CO. LTD.;
PANASONIC CORPORATION OF NORTH
AMERICA; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; SAMSUNG ELECTRONICS
CO.; SAMSUNG ELECTRONICS AMERICA,
INC.; SAMSUNG SDI CO. LTD. f/k/a
SAMSUNG DISPLAY DEVICE CO.;
TOSHIBA CORPORATION; TOSHIBA
AMERICA ELECTRONICS COMPONENTS,
INC.; TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; MT PICTURE DISPLAY
COMPANY; MT PICTURE DISPLAY
CORPORATION OF AMERICA (New York);
MT PICTURE DISPLAY CORPORATION OF
AMERICA (Ohio) and LP DISPLAYS,
        Defendants.

Case No.

2:08 cv 5

**CLASS-ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff Margaret Slagle, individually and on behalf of the Class described

below, brings this action against Defendants for violation of Vermont's antitrust

laws and for unjust enrichment and alleges as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this lawsuit as a class action on behalf of individuals

and entities who purchased indirectly cathode-ray tubes ("CRTs") and products

containing CRTs (jointly, "CRT Products") in the Vermont from Defendants

during the period from at least May 1,1998 through the present (the "Class

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

Period"). CRTs are used in a number of products, including but not limited to, computer monitors and televisions. As used herein, "CRT Products" refers to CRTs and products containing CRTs manufactured by any of the Defendants or their subsidiaries or affiliates.

2.    During the Class Period, Defendants' collusive behavior artificially inflated the price of CRT Products. In particular, Defendants participated in cartel behavior and colluded to fix the prices of CRT Products.

3.    Throughout the Class Period, Defendants' conspiracy was intended to, and did, moderate the downward price pressures on CRT Products caused by the market entry and rapid penetration of more technologically advanced competitive products. As explained in further detail below, liquid crystal displays ("LCD") and plasma display panels ("PDP") were used in the same primary applications as CRTs and presented significant advantages over CRT Products. LCD, PDP and products containing LCD or PDP will collectively be referred to as flat panel display products ("FPD Products"). Many of the Defendants, in addition to manufacturing, distributing and selling CRT Products, were also manufacturers, distributors, and sellers of FPD Products. Defendants who participated in both the market for CRT Products and the market for FPD Products will be specifically identified below.

4.    Because of Defendants' unlawful conduct and conspiracy, Plaintiff and other members of the Class paid artificially inflated prices for CRT Products. Plaintiff and other members of the Class who purchased these products have therefore been damaged by Defendants' illegal actions.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

## JURISDICTION AND VENUE

5.     This Court has diversity subject-matter jurisdiction over this class

action pursuant to the Class Action Fairness Act of 2005, which amends 28 U.S.C.

§1332 to add a new subsection (d) conferring federal jurisdiction over class actions

where, as here, "any member of a class of plaintiffs is a citizen of a State different

from any defendant" and the aggregated amount in controversy exceeds

$5,000,000, exclusive of interest and costs. *See* 28 U.S.C. ' 1332(d)(2) and (6).

This Court also has jurisdiction under 28 U.S.C. §1332(d) because "one or more

members of the class is a citizen of a state within the U.S. and one or more of the

Defendants is a citizen or subject of a foreign state." The Court also has personal

jurisdiction over the parties because Plaintiff submits to the jurisdiction of the

Court and Defendants systematically and continually conduct business here and

throughout the U.S., including marketing, advertising, and sales directed to

residents of this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and

(c) because Defendants as corporations are "deemed to reside in any judicial

district in which [they are] subject to personal jurisdiction."

## PARTIES

7.     Plaintiff Margaret Slagle is a Vermont resident who indirectly

purchased Defendants' CRT Products for end use during the Class Period.

8.     Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a

Taiwanese company with its principal place of business at 1127 Heping Road,

Bade City, Taoyuan, Taiwan. It is a partially owned subsidiary of Tatung

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

3

Company, a consolidated consumer electronics and information technology
company based in Taiwan. Chunghwa's Board of Directors includes
representatives from Tatung Company. The Chairman of Chunghwa, Weishan Lin,
is also the Chairman and General Manager of Tatung Company. During the Class
Period, Chunghwa manufactured, sold, and distributed CRT Products to customers
throughout the U.S., including in Vermont. Chunghwa also manufactured,
distributed and sold FPD Products in the U.S., including in Vermont, during the
Class Period.

9.      Defendant Tatung Company of America, Inc. is a California
corporation with its principal place of business at 2850 El Presidio Street, Long
Beach, California. Tatung Company of America, Inc. is a wholly-owned and
controlled subsidiary of Tatung Company. During the Class Period, Tatung
Company of America, Inc. manufactured, sold, and distributed CRT Products to
customers throughout the U.S., including in Vermont. Tatung Company of
America, Inc. also manufactured, distributed and sold FPD Products in the U.S.,
including in Vermont, during the Class Period.

10.      Defendant LG Electronics, Inc. ("LGE") is a manufacturer of CRT
Products with its global headquarters located at LG Twin Towers 20, Yeouido-
dong, Yeongdeungpo-gu, Seoul, Korea 150-721. During the Class Period, LGE
manufactured, sold and distributed CRT Products to customers throughout the
U.S., including in Vermont. LGE also manufactured, distributed and sold FPD
Products in the U.S., including in Vermont, during the Class Period.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

4

11.     Defendant Matsushita Electric Industrial Co., Ltd ("Matsushita") is a Japanese company and has its global headquarters at 1006 Kadoma, Osaka 571-8501, Japan.  Matsushita is the parent company of Panasonic Corporation of North America, JVC Company of America, and Victor Company of Japan, Ltd.  During the Class Period, Matsushita manufactured, sold and distributed CRT Products to customers throughout the U.S.  Matsushita also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

12.     Defendant Panasonic Corporation of North America ("Panasonic") is a subsidiary of Defendant Matsushita and oversees its North American business operations, including sales. Defendant Panasonic has its global headquarters at 1 Panasonic Way, Secaucus, New Jersey, 07094.  During the Class Period, Panasonic manufactured, sold and distributed CRT products to customers throughout the U.S., including in Vermont.  A substantial portion of the CRTs produced by MT Picture Displays Co., Matsushita's subsidiary, went to Panasonic for Panasonic's production of CRT Products. Panasonic also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

13.     Defendant Koninklijke Philips Electronics N.V. ("Koninklijke") has its global headquarters at Breitner Center Amstelplein 2, Amsterdam 1096 BC, Netherlands.  During the Class Period, Koninklijke manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont.  Koninklijke also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

14. Defendant Philips Electronics North America Corporation ("Philips Electronics NA"), is a manufacturer of CRT Products. Defendant Philips Electronics NA has its global headquarters at 1251 Avenue of the Americas, New York, New York 10020. During the Class Period, Philips Electronics NA manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont. Philips Electronics NA also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

15. Defendant LG Philips Display USA, Inc. ("LGPD"), is a manufacturer of CRT Products and is a subsidiary of Philips Electronics NA. Defendant LG Philips Display USA, Inc. has its global headquarters at 300 W Morgan Rd, Ann Arbor, MI 48108-9108, U.S. During the Class Period, LGPD manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont,

16. Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean company with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Korea. It is the world's largest producer of CRT Products. During the Class Period, Samsung Electronics manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Vermont. Samsung Electronics also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

17. Defendant Samsung SDI Co., Ltd. ("Samsung SDI") formerly known as Samsung Display Device Co., has its global headquarters at Samsung Life Insurance Bldg 150, Seoul 100-716, Korea. During the Class Period,

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

6

Samsung SDI manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Vermont.  Samsung SDI also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

18.    Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey.  Samsung America is a wholly-owned and controlled subsidiary of Defendant Samsung Electronics Company, Ltd.  During the class Period, Samsung America sold and distributed CRT Products manufactured by Samsung Electronics Company, Ltd. to customers throughout the U.S., including in Vermont.  Samsung America also sold and distributed FPD Products in the U.S., including in Vermont, during the Class Period.

19.    Defendants Samsung Electronics Company, Ltd., Samsung SDI Co., Ltd., and Samsung America are referred to collectively herein as "Samsung."

20.    Defendant Toshiba Corporation is a Japanese company with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.  During the Class Period, Toshiba Corporation manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Vermont.  Toshiba Corporation also manufactured, distributed and sold FPD Products in the U.S., including in Vermont, during the Class Period.

21.    Defendant Toshiba America Electronics Components, Inc. is a California corporation with its principal place of business at 19900 MacArthur Boulevard, Suite 400, Irvine, California. Toshiba America Electronics

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

Components, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant Toshiba Corporation. During the Class Period, Toshiba America Electronics Components, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in Vermont. Toshiba America Electronic Components also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in Vermont, during the Class Period.

22. Defendant Toshiba America Information Systems, Inc. is a California corporation with its principal place of business at 9470 Irvine Blvd., Irvine, California. Toshiba America Information Systems, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant Toshiba Corporation. During the Class Period, Toshiba America Information Systems, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in Vermont. Toshiba America Information Systems also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in Vermont, during the Class Period.

23. Defendants Toshiba Corporation, Toshiba America Electronics Components, Inc., and Toshiba America Information Systems, Inc. are referred to collectively herein as "Toshiba."

24. Defendant MT Picture Display Company is a wholly-owned and controlled subsidiary of Defendant Matsushita organized under the laws of Japan with its principal place of business located at Rivage Shinagawa, 1-8, Konan 4-

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

8

chome, Minato-ku, Tokyo 108-0075, Japan. Prior to April 2007, MT Picture Display Company was a joint venture between Matsushita Electric Industrial Co., Ltd. and Toshiba Corporation named Matsushita Toshiba Picture Display Co. Ltd. This joint venture was created in 2003 and integrated the CRTs operations of its parents. During the Class Period, both MT Picture Display and its predecessor Matsushita Toshiba Picture Display Co. Ltd. sold and distributed CRT Products to customers throughout the U.S., including in Vermont.

25.     Defendants MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) were subsidiaries of MT Picture Display Company. Both subsidiaries were incorporated in Maryland and with their principal place of business located at 300 East Lombard Street, Baltimore, MD 21202. During the Class Period, MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) sold and distributed CRT Products to customers throughout the U.S., including in Vermont.

26.     Defendant LP Displays (formerly known as LG Philips Display), a joint venture between LG Electronics and Koninklijke Philips Electronics, is organized under the laws of Hong Kong with its principal place of business located at Corporate Communications, 6th Floor, ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong. During the Class Period, LP Displays sold and distributed CRT Products to customers throughout the U.S., including in Vermont.

27.     Defendants committed the acts alleged in this complaint through their officers, directors, agents, employees, or representatives while they were

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

9

actively engaged in the management, direction, control, or transaction of each defendant's business or affairs.

28.     Defendants' unlawful and intentional concerted actions have severely damaged and will continue to damage Plaintiff and the members of the classes they seek to represent.

## CO-CONSPIRATORS AND AGENCY

29.     Defendants, along with certain other persons, firms, corporations and entities, are co-conspirators in the violations and conspiracies alleged in this Complaint. These co-conspirators have performed acts and made statements in furtherance of the antitrust violation and conspiracies alleged herein.

30.     At all relevant times, each Defendant ratified and/or authorized the wrongful acts of each of the other Defendants.  Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes and transactions that are the subject of this Complaint.  Defendants participated as numbers of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged in this Complaint, and have performed acts and made statements in furtherance of the violations and conspiracy.

31.     At all times, each Defendant was the agent of the other Defendants and in committing the violations and conspiracies alleged in this Complaint was acting within the course and scope of that agency and with the permission and consent of the principals.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

10

## CLASS-ACTION ALLEGATIONS

32.     Plaintiff brings this action both on behalf of herself and on behalf of

the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All people and business entities in Vermont that indirectly
> purchased CRT Products manufactured, sold, or distributed
> by Defendants, other than for resale, from May 1, 1990 to
> present.
>
> Specifically excluded from this Class are the Defendants;
> the officers, directors or employees of any Defendant; any
> entity in which any Defendant has a controlling interest; and
> any affiliate, legal representative, heir or assign of any
> Defendant. Also excluded are any judicial officers presiding
> over this action.

33.     Plaintiff has met the requirements of Rules 23(a), 23(b)(1), 23(b)(2),

and 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Plaintiff does not know the exact size class, since this information is

in Defendants' exclusive control.  But based on the nature of the trade and

commerce involved, Plaintiff believes that the class numbers in the millions and

that the class members are geographically dispersed throughout Vermont.

Therefore, joinder of all class members would be impracticable, and class

treatment is the superior method for fairly and efficiently adjudicating this

controversy.

35.     Plaintiff's claims are typical of other class members' claims because

Plaintiff was injured through the uniform misrepresentations and omissions

described and paid supra-competitive prices for CRT Products without having been

informed that he was paying illegal and improper prices.  Accordingly, by proving

his own claim, Plaintiff will presumptively prove the class members' claims.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

11

36.     Common legal and factual questions exist, such as:

    a.    Whether Defendants conspired to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont;

    b.    Whether Defendants conspired to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Vermont;

    c.    The existence and duration of Defendants' horizontal agreements to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont;

    d.    The existence and duration of Defendants' horizontal agreements to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Vermont;

    e.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont;

    f.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to allocate the market for CRT Products marketed, distributed, and sold in Vermont;

    g.    Whether Defendants' conspiracy was implemented;

    h.    Whether Defendants took steps to conceal their conspiracy from Plaintiff and the class members;

    i.    Whether Defendants' conduct caused injury in fact to the business or property of Plaintiff and the class members, and if so, the appropriate classwide measure of damages;

    j.    Whether the agents, officers or employees of Defendants and their co-conspirators participated in telephone calls, meetings, and other communications in furtherance of their conspiracy; and

    k.    Whether the purpose and effect of the acts and omissions alleged was to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Vermont, and to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Vermont.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

12

37.     Plaintiff can and will fairly and adequately represent and protect the

class members' interests and has no interests that conflict with or are antagonistic

to the class members' interests.  Plaintiff's attorneys are experienced and

competent in complex-class- action and consumer-antitrust litigation.

38.     Class certification of the proposed class is appropriate under Rule

23(b)(3) of the Federal Rules of Civil Procedure because a class action is the

superior procedural vehicle for the fair and efficient adjudication of the claims

asserted given that:

    a.    Common questions of law and fact overwhelmingly predominate over any individual questions that may arise among or within the respective, alternative classes and, consequently, enormous economies to the court and parties exist in litigating the common issues on a classwide basis or, alternatively, bases, instead of on a repetitive individual basis or, alternatively, bases;

    b.    Each individual class member's damage claim is too small to make individual litigation an economically viable alternative, and few class members have any interest in individually controlling the prosecution of separate actions;

    c.    Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members; and

    d.    Despite the relatively small size of each individual class member's claim, the aggregate volume of their claims, whether considered in one class, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation, and no unusual difficulties are likely to be encountered in this class action's management in that all legal and factual questions are common to the class or, alternatively, classes.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

39.     Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because prosecution of separate actions would create a risk of adjudication with respect to individual class members, which may as a practical matter, dispose of other class members' interests who aren't parties to the adjudication or which may substantially impair or impede their ability to protect their interests. Separate actions prosecuted by individual class members would also create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

40.     Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the class' members.

41.     Plaintiff's claims are typical of the associated class members' claims because Defendants injured Plaintiff and the class members in the same manner (i.e., Plaintiff and the class members were forced to pay supra-competitive prices for CRT Products).

## TRADE AND COMMERCE

42.     During the Class Period, each Defendant, or one or more of its subsidiaries, sold CRT Products in the U.S., including into Vermont, in a continuous and uninterrupted flow of interstate commerce and foreign commerce, including through and into this judicial district.

43.     The business activities of the Defendants substantially affected interstate trade and commerce in the U.S., including Vermont, and caused antitrust injury in the U.S., including in Vermont.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

## FACTUAL ALLEGATIONS

### A.    CRT Technology

44.    CRT technology has been in use for more than 100 years.  The basic cathode-ray tube consists of three elements:  The envelope, the electron gun, and the phosphor screen.



**Cross-sectional representation of a cathode ray tube**

*Source: DIYcalculator.com, available at www.diycalculator.com/sp-console.shtml.*

45.    CRTs are manufactured in several standard sizes, including 17 inch, 19 inch, 27 inch, and 32 inch.  CRTs manufactured by Defendants are interchangeable with one another.

### B.    Trends within the CRT Products Market and Increased Competition from FPD Products

46.    The worldwide market for CRT Products is and has been large.  In 1997, the worldwide CRTs market exceeded $24 billion in sales.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

47.     At the beginning of the Class Period, CRTs were the dominant display technology worldwide.  For example, in 1997, 99.3% of all computer monitors sold worldwide contained CRTs. In 2005, approximately 47 million CRT monitors were sold worldwide, and approximately 20.3% of these were sold in the U.S.

48.     Although the value of all display materials shipped worldwide is projected to rise at an average annual growth rate of 12.8% by 2010, worldwide demand for CRT Products is declining overall because of the growing popularity of FPD Products which are being used in place of CRT Products. (<http://www.bccresearch.com/RepTemplate. cfm?reportID=552&RepDet=HLT&cat=smc&target=repdet...11/13/2007>).  CRT Products' share of the market declined precipitously in the U.S. where FPD Products achieved more rapid market penetration.

49.     FPD Products may be used to produce the same image as CRT Products but also have many important advantages over CRT Products.  For example, FPD Products are less bulky, require less energy, are easier to read, and do not flicker.

50.     In 1995, recognizing the increasing significance of FPD technologies, Korean manufacturers Samsung and LG Electronics entered the FPD Product market, leading to a surge in FPD Product manufacturing capacity.

51.     The market share of CRT Products declined as other newer technologies emerged and were brought to market.  As demonstrated in the chart

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

16

below, by 1998, FPD Products had already achieved 32% of the U.S. market for CRT Products. Penetration by FPD Products is projected to reach 96% by 2009. FPD Products' global penetration has not been as dramatic as it was in the U.S. due to the continued popularity of lower-priced CRT Products in China, India, and South America.



*Source: David Hsieh, Flat Panel Display Market Outlook, DisplaySearch Presentation, Nov. 5, 2005.*

52.    CRT TVs currently account for only a minority share of television set revenues in North America (37.3%), Japan (9.5%) and Europe (31.0%). Naranjo, *The Global Television Market*, DisplaySearch Report, p. 19.

53.    During the Class Period, while demand for CRT Products continued to fall in the U.S., Defendants' conspiracy was effective in moderating the normal

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

17

downward pressures on prices for CRT Products caused by the entry of the new generation of competing technologies. Indeed, during the Class Period, there were not only periods of unnatural and sustained price stability, but there were also inexplicable increases in the prices of CRTs, despite declining demand due to approaching obsolescence of CRTs caused by the emergence of a new, superior, substitutable technology.

54.     These periods of price stability and price increases for CRTs are fundamentally inconsistent with a competitive market for a product where demand is rapidly decreasing because of the introduction of new superior technologies.

## C.     Structure of the CRT Product Industry

55.     The CRT Product industry is characterized by a number of structural features that facilitate collusion, including market concentration, the consolidation of manufacturers, multiple interrelated business relationships, significant barriers to entry, and interchangeability of products.

56.     Defendant Samsung SDI has the largest market share of any CRT Products manufacturer at this point in time. In 2000, Defendant Samsung SDI had 18% of the global CRTs market. In 2002, Samsung SDI had 21.8% of the global market for CRT monitors. In 2004, Samsung SDI had a 30% share of the global CRTs market.

57.     Defendant LP Displays (formerly LG.Philips Displays) has the second largest share of the CRTs market. In 2004, LG.Philips Displays held 27% of the global market for CRT.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

18

58.     Defendant MT Picture Display (formerly Matsushita Toshiba Display Co.) is also a major player in the CRTs market.  In 2004, Matsushita Toshiba Picture Display Co. held 9% of the global market for CRTs.

59.     Defendant Chunghwa Picture Tubes held 21.7% of the global CRTs market in 1999.

60.     In 2004, Defendants Samsung SDI, LP Displays, MT Picture Display, and Chunghwa Picture Tubes maintained a collective 78% of the global CRTs market.

61.     The market for CRT Products is subject to high manufacturing and technological barriers to entry.  Efficient fabrication plants are large and costly and require years of research, development and construction. Technological advances have caused Defendants to undertake significant research and development expenses.

62.     The CRT Products market has also been subject to substantial consolidation and multiple interrelated business relationships during the Class Period.  Matsushita Electric Industrial Co. Ltd. and Toshiba Corporation combined their efforts by forming Defendant MT Picture Display Company.  At the time of the formation of MT Picture Display, Matsushita and Toshiba had been the fourth and sixth largest CRT manufacturers in the world.  This joint venture combined the entire CRT operations of both parent companies.  MT Picture Display Company specialized in the manufacture of CRTs above 30 inches, supplying some 950,000 units annually to the North American market.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

19

63.     In November 2000, Defendants LG Electronics and Koninklijke Philips Electronics agreed to enter a 50/50 joint venture that merged their CRT operations. The resulting joint venture, originally named LG.Philips Displays, and renamed LP Displays in 2007, entered the market with a 25% share, making it the second largest CRTs manufacturer only behind Samsung SDI at the time.

64.     In 2005, Samsung SDI and LG.Philips Displays entered into an agreement to share parts with respect to CRTs in an effort to boost their combined market share.

65.     Defendants sell their CRT Products through various channels, including to manufacturers of electronic products and devices, and to resellers of CRT Products, and incorporate CRTs into their own manufactured products, which are then sold directly to consumers.

**D.     International Antitrust Investigations**

66.     Competition authorities in the U.S., Europe, Japan and South Korea recently engaged in coordinated actions, including raids, targeting the unlawful CRT Products cartel alleged in this Complaint.  On November 9, 2007, the Reuters news agency reported:

> Antitrust authorities in Europe and Asia raided a Matsushita Electric Industrial Co. Ltd. unit and other cathode ray tube markers on suspicion of price fixing, weighing on the share of the Panasonic maker.

> *       *       *

> Matsushita confirmed Japan's Fair Trade Commission (FTC) had begun a probe of its cathode ray tube unit.  MT Picture Display Co. Ltd., while Samsung SDI Co. Ltd. said South Korea's FTC had started an investigation into its CRT business.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

20

www.reuters.com/article/mergersNews/idUSL0890850720071109.

67. On November 9, 2007, the European Commission confirmed in Brussels that "on November 8 Commission officials carried out unannounced inspections at the premises of manufacturers of cathode ray tubes." The European Commission's announcement continued stating, "The Commission has reason to believe that the companies concerned may have violated EC Treaty rules on cartels and restrictive business practices."

68. On November 12, 2007, Chunghwa Picture Tubes, Ltd. confirmed that it had received a subpoena from a California district court relating to CRTs. A federal grand jury operating under the auspices of the U.S. Department of Justice, Antitrust Division ("DOJ") through its San Francisco office issued the subpoena.

69. On November 21, 2007, Koninklijke Philips Electronics, N.V. reported that it and its joint venture with LG Electronics, LP Displays, are also targets of the coordinated investigation into collusive practices and other antitrust violations in the CRTs market.

70. The Defendants include known recidivist antitrust violators. Samsung, for example, was fined $300 million by the DOJ in October 2005 for participating in a conspiracy to fix prices for Dynamic Random Access Memory. It is also under investigation by the DOJ (along with some of the other Defendants, including Toshiba) for fixing prices of Static Random Access Memory. Samsung and Toshiba are also being investigated for collusion among manufacturers of NAND flash memory.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

21

71.    Several Defendants, including Samsung and a joint venture between LG Electronics and Koninklijke Philips Electronics, are targets of a coordinated investigation by the DOJ and antitrust authorities in Europe, Japan and South Korea in connection with anticompetitive conduct in the market for LCD Products. Because LCD Products and CRT Products are used in the same primary applications, collusion with respect to CRT Product prices would bolster these same Defendants' LCD pricing cartel. Keeping CRTs prices artificially inflated also would serve both to increase profits on remaining CRTs sales while protecting LCD prices.

## FRAUDULENT CONCEALMENT

72.    Plaintiff and members of the Class did not discover and could not discover through the exercise of reasonable diligence the existence of the conspiracy alleged herein any earlier than November 9, 2007 when it was first publicly reported that manufacturers of CRT Products were under investigation by antitrust authorities in Europe, Japan, and South Korea for conspiring to fix the prices of CRT Products.

73.    Because Defendants' agreements, understandings, and conspiracies were kept secret until November 9, 2007, Plaintiff and members of the Class before that time were unaware of Defendants' unlawful conduct alleged herein, and they did not know before that time they were paying artificially high prices for CRT Products throughout the U.S., including in Vermont, during the Class Period.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

22

74.     The affirmative acts of the Defendants alleged herein, including acts in furtherance of the conspiracy, were wrongfully concealed and carried out in a manner that precluded detection.

75.     By its very nature, Defendants' price fixing conspiracy was inherently self-concealing.  The CRT industry is not exempt from antitrust regulation, and thus, before November 9, 2007, Plaintiff reasonably considered it to be a well-regulated competitive industry.

76.     In the context of the circumstances surrounding Defendants' pricing practices, Defendants' acts of concealment were more than sufficient to preclude suspicion by a reasonable person that Defendants' pricing was collusive and conspiratorial.  Accordingly, a reasonable person under the circumstances would not have been alerted to investigate the legitimacy of Defendants' prices before November 9, 2007.

77.     Plaintiff and members of the Class could not have discovered the alleged contract, conspiracy, or combination at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques of secrecy employed by the Defendants and their co-conspirators to avoid detection of, and fraudulently conceal, their contract, combination, or conspiracy.

78.     Because the alleged conspiracy was both self-concealing and affirmatively concealed by Defendants and their co-conspirators, Plaintiff and members of the Class had no knowledge of the alleged conspiracy, or of any facts or information that would have caused a reasonably diligent person to investigate whether a conspiracy existed, until November 9, 2007, when reports of the

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

23

investigations into price fixing in the CRT industry were first publicly disseminated.

79.     None of the facts or information available to Plaintiff and members of the Class prior to November 9, 2007, if investigated with reasonable diligence, could or would have led to the discovery of the conspiracy alleged herein prior to November 9, 2007.

80.     As a result of the self-concealing nature of the conspiracy and the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

<div align="center">

**COUNT I**
**VIOLATION OF THE VERMONT ANTITRUST ACT**

</div>

81.     Plaintiff incorporates and re-alleges paragraphs 1 – 80.

82.     From May 1, 1998 through present, Defendants engaged in an unfair method of competition in Vermont commerce and in unfair or deceptive acts or practices in Vermont commerce by conspiring to fix CRT Products' prices and to allocate CRT Products' customers and markets.  Defendants' conspiracy lessened full and free competition in CRT Products' importation and sale into Vermont and controlled their costs, which violated 9 Vt. Stat. Ann. §2451 *et seq.*

83.     Defendants' conspiracy caused them to (a) fix, raise, maintain, and stabilize CRT Products prices; (b) allocate CRT Products customers and markets; and (c) caused Plaintiff and the other Vermont class members to pay higher prices for CRT Products that they indirectly purchased from Defendants.

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

## COUNT II
## UNJUST ENRICHMENT

88.     Plaintiff repeats and re-alleges paragraphs 1 through 80.

89.     As the result of Defendants' illegal agreement, contract, combination, and conspiracy, Plaintiff and the class members conferred a benefit upon Defendants, and Defendants received and retained this benefit under such circumstances that it would be inequitable and unconscionable to permit Defendants to retain this benefit without paying its reasonable value to Plaintiff and the class members.

90.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the class members suffered injury and seek an order directing Defendants to return to them the amount each of them improperly paid to Defendants, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in the class members' favor and against Defendants, as follows:

A.      That this Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and certify the Vermont class;

B.      That this Court rule that Defendants' conspiracy violated Vermont law and that compensatory damages, including treble damages, are appropriate;

C.      That this Court determine that Defendants were unjustly enriched;

D.      That this Court permanently enjoin Defendants from conspiring to fix CRT Products' prices and allocating CRT Products' markets or other injunctive relief as this Court deems appropriate;

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

26

E.     That this Court award Plaintiff post-judgment interest, his costs, and reasonable attorneys' fees; and

F.     That this Court order any other relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Dated: January 9, 2008                     Respectfully submitted,

Mary G. Kirkpatrick, Esquire
**Kirkpatrick & Goldsborough, PLLC**
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05401
Telephone: (802) 651-0960
Facsimile: (802) 651-0964
E-mail: mkirk@vtlawfirm.com

Daniel R. Karon, Esquire
**Goldman Scarlato & Karon, P.C.**
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Telephone: (216) 622-1851
Facsimile: (216) 622-1852
E-mail: karon@gsk-law.com

Krishna B. Narine, Esquire
**Law Office of Krishna B. Narine, P.C.**
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA 19027
Telephone: (215) 914-2460
Facsimile: (215) 914-2462
E-mail: knarine@kbnlaw.com

Isaac L. Diel, Esquire
**Sharp Mcqueen P.A.**
Financial Plaza
6900 College Blvd.; Suite 285
Overland Park, KS 66211
Telephone: (913) 661-9931
Facsimile: (913) 661-9935
E-mail: Dslawkc@aol.com

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

Donna F. Solen, Esquire
**The Mason Law Firm, LLP**
1225 19th Street, N.W.; Suite 500
Washington, DC 20036
Telephone: (202) 640-1162
Facsimile: (202) 429-2294
E-Mail: dsolen@masonlawdc.com

*Attorneys for Plaintiff and the Class*

26393-001

Kirkpatrick & Goldsborough, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960 Telephone
(802) 651-0964 Facsimile

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARGARET SLAGLE, on behalf of herself and all others similarly situated,

### (b) County of Residence of First Listed Plaintiff   CHITTENDEN, VT
(EXCEPT IN U.S. PLAINTIFF CASES)

### (c) Attorney's (Firm Name, Address, and Telephone Number)
Mary G. Kirkpatrick, Esq.; Kirkpatrick & Goldsborough, PLLC
1233 Shelburne Rd., Ste. E-1; So. Burlington, VT 05403 (802-651-0960)

## DEFENDANTS

CHUNGHWA PICTURE TUBES, LTD., et al.

County of Residence of First Listed Defendant   TAIWAN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1

Brief description of cause:
Class Action

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE   1/9/08

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #

AMOUNT   350

APPLYING IFP

JUDGE   1011

MAG. JUDGE

468 2000798

2:08 cv-5

CLOSED

# U.S. District Court
## District of Vermont (Burlington)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00005-wks
## Internal Use Only

Slagle v. Chunghwa Picture Tubes, Ltd. et al
Assigned to: Judge William K. Sessions III
Cause: 15:1 Antitrust Litigation

Date Filed: 01/09/2008
Date Terminated: 03/24/2008
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Margaret Slagle**
*on behalf of herself and all others*
*similarly situated*

represented by **Mary Gilmore Kirkpatrick**
Kirkpatrick & Goldsborough, PLLC
1233 Shelburne Road, Suite E-1
South Burlington, VT 05403
(802) 651-0960
Fax: (802) 651-0964
Email: mkirk@vtlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chunghwa Picture Tubes, Ltd.**

**Defendant**

**Tatung Company of America, Inc.**

**Defendant**

**L.G. Electronics, Inc.**

**Defendant**

**LG Philips Display USA, Inc.**

**Defendant**

**Matsushita Electric Industrial Co. Ltd.**

**Defendant**

**Panasonic Corporation of North America**

**Defendant**

**Koninklijke Philips Electronics N.V.**

**Defendant**

**Philips Electronics North America Corporation**

**Defendant**

**Samsung Electronics Co.**

**Defendant**

**Samsung Electronics America, Inc.**

**Defendant**

**Samsung SDI Co. Ltd.**
*formerly known as*
Samsung Display Device Co.

**Defendant**

**Toshiba Corporation**

**Defendant**

**Toshiba America Information Systems, Inc.**

**Defendant**

**MT Picture Display Company**

**Defendant**

**MT Picture Display Corporation of America (New York)**

**Defendant**

**MT Picture Display Corporation of America (Ohio)**

**Defendant**

**LP Displays**

**Defendant**

**Toshiba America Electronics Components Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/24/2008 | 🔵4 | *CERTIFIED* CONDITIONAL TRANSFER ORDER (CTO-1). Case transferred to Northern District of California. (Attachments: # 1 Schedule CTO-1 - Tag-Along Actions)(law) (Entered: 03/24/2008) |
| 03/17/2008 | 🔵3 | COPY of Letter from United States Judicial Panel on Multidistrict Litigation to Northern District of California. (Attachments: # 1 Conditional Transfer Order (CTO-1), # 2 Schedule CTO-1 - Tag-Along Actions, # 3 Involved Counsel List (CTO-1), # 4 Involved Judges List (CTO-1), # 5 Involved Clerks List (CTO-1)) (law) (Entered: 03/17/2008) |
| 01/29/2008 | 🔵2 | RECEIVED copy on behalf of Defedant Philips Electronics North America Corporation a/k/a PENAC of the following: (Attachments: # 1 Notice of Appearance, # 2 Rule 5.3 Corporate Disclosure Statement, # 3 Response, # 4 Schedule of Actions, # 5 Certificate of Service) (law) (Entered: 02/05/2008) |
| 01/09/2008 | 🔵1 | CLASS-ACTION COMPLAINT against all defendants filed by Margaret Slagle. (Filing fee $350) (Attachments: # 1 Civil Cover Sheet)(law) (Entered: 01/09/2008) |

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
T 202.783.0800
F 202.383.6610
www.howrey.com

January 22, 2008

File 04008.0248

**BY COURIER**
Jeffrey N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary
Building One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

**RECEIVED**
BURLINGTON, VT

JAN 29 2008
2:08-cv-5
CLERK'S OFFICE
U.S. DISTRICT COURT

Re:   IN RE:  Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917

Dear Mr. Lüthi :

Enclosed for filing on behalf of Defendant Philips Electronics North America Corporation a/k/a PENAC, please find for filing an original and four (4) copies of the following documents which relate to the above-captioned matter:

(1)   Notice of Appearance;

(2)   Notice of Presentation or Waiver of Oral Argument

(3)   Rule 5.3 Corporate Disclosure Statement;

(4)   Philips Electronics North America Corporation's Interested Party Response to: (1) Plaintiff Crago, Inc.'s Motion for Transfer of Actions to the Northern District of California for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, and (2) New York Direct Purchaser Plaintiff's Motion for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, (3) Plaintiff Princeton Display Technologies, Inc.'s Motion for Transfer and Consolidation of Related Antitrust Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407, (4) Plaintiff Glanz's Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer but Seeking Transfer and Consolidation in the District of South Carolina; and (5) Plaintiff Wettstein & Sons, Inc.'s Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer but Seeking Transfer and Consolidation in the District of Minnesota; Schedule of Actions;

(5)   Schedule of Actions; and

(6)     Certificate of Service.

Also enclosed is a compact disk which contains copies of the above-referenced documents in PDF format.

Respectfully submitted,

HOWREY LLP

Joseph A. Ostoyich

Enclosures

RECEIVED

JAN 2 9 2008
08cv5
U.S. DISTRICT COURT
BURLINGTON, VT

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: CATHODE RAY TUB (CRT)  :  MDL DOCKET NO. 1917
ANTITRUST LITIGATION  :
  :

## NOTICE OF APPEARANCE ON BEHALF OF
## PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

Pursuant to Rule 5.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, Defendant Philips Electronics North America Corporation, designates the undersigned

attorney, Joseph A. Ostoyich, to receive service at the address set forth below all pleadings,

notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict

Litigation in this proceeding.

DATED: January 22, 2008                          HOWREY LLP

Joseph A. Ostoyich
John Taladay
Ethan E. Litwin
1299 Pennsylvania Ave., NW
Washington, DC 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610
Email:  ostoyichj@howrey.com
        taladayj@howrey.com
        litwine@howrey.com

LIST OF ACTIONS

| Case Name | Docket | Filed |
|---|---|---|
| Arch Electronics, Inc. v. LG Electronics, Inc, et al. | S.D.N.Y.07-10664 | 11/29/2007 |
| Art's TV & Appliance v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 07-6416 | 12/19/2007 |
| Benson v. Chunghwa Picture Tubes, LTD. et al. | E.D. Tenn. 08-11 | 1/14/2008 |
| Caldwell v. Matsushita Electric Industrial Co., Ltd., et al. | N.D. Cal. 07-6303 | 12/13/2007 |
| Carroll Cut-Rate Furniture v. Chunghwa Picture Tubes. Ltd.. Et al. | N.D. Cal. 08-309 | 1/16/2008 |
| Cook v. Chunghwa Picture Tubes, LTD. et al | W.D. Ark. 08-5013 | 1/11/2008 |
| Crago, Inc. v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 07-5944 | 11/26/2007 |
| Figone v. LG Electronics, Inc., et al. | N.D. Cal. 07-6331 | 12/13/2007 |
| Glanz v. Chunghwa Picture Tubes Ltd et al | D.S.C. 07-4175 | 12/31/2007 |
| Hawel v. Chungwa Picture Tubes, Ltd., et al. | N.D. Cal. 07-6279 | 12/12/2007 |
| Industrial Computing, Inc. v. Chungwa Picture Tubes, Ltd., et al. | S.D.N.Y.07-11203 | 12/13/2007 |
| Juetten v. Chungwa Picture Tubes, Ltd., et al. | N.D. Cal. 07-6225 | 12/10/2007 |
| Kindt v. Matsushita Electric Industrial Co, LTD. | S.D.N.Y. 07-10322 | 11/13/2007 |
| Kushner et al v. Chunghwa Picture Tubes, Ltd. et al | D. Minn. 08-1608 | 1/16/2008 |
| Meijer, Inc., et al. v. LG Electronics, Inc., et al. | S.D.N.Y. 07-10674 | 11/29/2007 |
| Monikraft, Inc v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 07-6433 | 12/21/2007 |
| Muchnick, Inc. v. Chungwa Picture Tubes, Ltd., et al. | N.D. Cal. 07-5981 | 11/27/2007 |
| Ok TV & Appliances, LLC v. Samsung Electrionics Co., Ltd., et al. | D.N.J. 08-86 | 1/7/2008 |
| Orion Home Systems, LLC v. Chunghwa Picture Tubes, LTD. et al | N.D. Cal. 08-178 | 1/10/2008 |
| Pierce v. Bejing-Matasushita Color CRT Co., Ltd., et al. | N.D. Cal. 08-337 | 1/17/2008 |
| Princeton Display Technologies, Inc. v. Chungwa Picture Tunes, Ltd., et al. | D.N.J. 07-5713 | 11/29/2007 |
| Royal Data Services, Inc. v. Samsung Electronics Co. Ltd., et al. | D.N.J. 08-39 | 1/2/2008 |
| Slagle v. Chunghwa Picture Tubes, Ltd. et al | D. Ver. 08-05 | 1/9/2008 |
| Southern Office Supply, Inc. v. Chunghwa Picture Tubes, LTD. et al | N.D. Ohio 08-62 | 1/10/2008 |
| Wettstein & Sons, Inc. v. Chunghwa Picture Tubes, Ltd., et al. | D. Minn. 07-4889 | 12/18/2007 |

RECEIVED

JAN 2 9 2008
08cvS
U.S. DISTRICT COURT
BURLINGTON, VT

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: CATHODE RAY TUB (CRT) | : | MDL DOCKET NO. 1917 |
| ANTITRUST LITIGATION | : | |
| | : | |

## PANEL RULE 5.3 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule of Procedure 5.3 of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, Defendant Philips Electronics North America Corporation states as

follows:

1) Philips Electronics North America Corporation's parent corporation is Philips
Holding USA Inc. Philips Holding USA Inc.'s parent corporation is Koninklijke
Philips Electronics N.V.

2) No public company owns 10% or more of Philips Electronics North America
Corporation.

DATED: January 22, 2008                                    HOWREY LLP

Joseph A. Ostoyich
John Taladay
Ethan E. Litwin
1299 Pennsylvania Ave., NW
Washington, DC 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610
Email: ostoyichj@howrey.com
       taladayj@howrey.com
       litwine@howrey.com

*Attorneys for Defendant Philips*
*Electronics North America Corporation*

RECEIVED

JAN 2 9 2008
08cv5
U.S. DISTRICT COURT
BURLINGTON, VT

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

MDL DOCKET NO. 1917

**INTERESTED PARTY RESPONSE OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO (1) PLAINTIFF CRAGO, INC.'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407, (2) NEW YORK DIRECT PURCHASER PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS, (3) PLAINTIFF PRINCETON DISPLAY TECHNOLOGIES, INC.'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST ACTIONS TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407, (4) PLAINTIFF GLANZ'S INTERESTED PARTY RESPONSE CONCURRING IN THE 28 U.S.C. MOTION TO TRANSFER BUT SEEKING TRANSFER AND CONSOLIDATION IN THE DISTRICT OF SOUTH CAROLINA; AND (5) PLAINTIFF WETTSTEIN & SONS, INC.'S INTERESTED PARTY RESPONSE SEEKING TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 7.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendant Philips Electronics North America ("PENAC") hereby responds to (1) Plaintiff Crago, Inc.'s Motion for Transfer of Actions to the Northern District of California for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, and (2) New York Direct Purchaser Plaintiff's Motion for Transfer of

Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for

Coordinated or Consolidated Pretrial Proceedings, (3) Plaintiff Princeton Display

Technologies, Inc.'s Motion for Transfer and Consolidation of Related Antitrust Actions

to the District of New Jersey Pursuant to 28 U.S.C. § 1407, (4) Plaintiff Glanz's

Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer but Seeking

Transfer and Consolidation in the District of South Carolina; and (5) Plaintiff Wettstein

& Sons, Inc.'s Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer

but Seeking Transfer and Consolidation in the District of Minnesota, respectively filed

with the panel on or about November 29, 2007, December 5, 2007, December 21, 2007,

January 9, 2008, January 11, 2008 as follows:

    1.    In making this submission, PENAC does not waive, and expressly

reserve, all defenses in the underlying actions, including without limitation

personal jurisdiction and ineffective service of process.

    2.    As of the time of this filing, at least four substantially similar cases

are pending in the Southern District of New York. These cases are all antitrust

class actions on behalf of direct or indirect purchasers and allege price fixing of

Cathode Ray Tube ("CRT") products.[1]

    3.    As of the time of this filing, at least twenty-one substantially similar

cases are pending in eight other Districts across the United States. These cases are

---

[1] The titles of the cases that have been filed in the Southern District of New York are as
follows: *Arch Electronics, Inc. v. LG Electronics, Inc., et al.*, No. C-07-10664
(S.D.N.Y.), filed on Nov. 29, 2007; *Industrial Computing, Inc. v. Chunghwa Picture
Tubes, Ltd., et al.*, No. C-07-11203 (S.D.N.Y.) filed on Dec. 13, 2007; *Kindt v.
Matsushita Electric Co., et al.*, No. No. C-07-10322 (S.D.N.Y.) filed on Nov. 13, 2007;
and *Meijer Inc., et al. v. LG Electronics, et al.*, No. C-07-10674 (S.D.N.Y.) filed on Nov.
29, 2007.

also all antitrust class actions by direct or indirect purchasers alleging price fixing of CRT products.[2]

    4.      PENAC agrees that consolidation of the CRT cases pursuant to 28 U.S.C. § 1407 is appropriate. The cases concern many of the same parties and similar allegations of purported events. There will be substantial efficiencies if the cases are conducted for pre-trial purposes before the same judge. In addition, because there is an overlap of both plaintiffs' counsel and defense counsel, conducting the cases before the same judge will make the cases easier to manage. Transfer and consolidation to one forum will conserve scarce judicial resources, avoid the potential for conflicting pre-trial results, and reduce duplicative pre-trial

---

[2] The titles of the cases that have been filed in other Districts throughout the United States are as follows: *Art's TV & Appliance v. Chunghwa Picture Tubes, LTD. et al*, No. C-07-6416 (N.D. Cal.), filed on Dec. 19, 2007; *Benson v. Chunghwa Picture Tubes, LTD. et al.*, No. C-08-11 (E.D. Tenn.), filed on Jan. 14, 2008; *Caldwell v. Matsushita Electric Industrial Co., Ltd. et al.*, No. C-07-06303 (N.D. Cal.), filed on Dec. 13, 2007; *Carroll Cut-Rate Furniture v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-08-309, (N.D. Cal.), filed on Jan 17, 2008; *Cook v. Chunghwa Picture Tubes, LTD. et al*, No. C-08-5013 (W.D. Ark.), filed on Jan. 11, 2008; *Crago Inc. v. Chunghwa Picture Tubes et al.*, No. C-07-05944 (N.D. Cal.), filed on Nov. 26, 2007; *Figone v. LG Electronics, et al.*, No. C-07-06331 (N.D. Cal.), filed on Dec. 13, 2007; *Glanz v. Chunghwa Picture Tubes Ltd et al.*, No. C-07-4175 (D.S.C.), filed on Dec. 31, 2007; *Hawel v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-07-06279 (N.D. Cal.), filed on Dec. 12, 2007; *Juetten v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-07-06225 (N.D. Cal.), filed on Dec. 10, 2007; *Kushner v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-08-1608 (D. Minn.), filed on Jan. 16, 2008; *Monikraft, Inc v. Chunghwa Picture Tubes, Ltd. et al.*, No. C-07-6433 (N.D. Cal.), filed on Dec. 21, 2007; *Muchnick v. Chunghwa Picture Tubes, et al.*, No. C-07-05981 (N.D. Cal.), filed on Nov. 27, 2007; *OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.*, No. C-08-86 (D.N.J.), filed on Jan. 7, 2008; *Orion Home Systems, LLC v. Chunghwa Picture Tubes, Ltd.. et al.*, No. C-08-178 (N.D. Calif.), filed on Jan. 10, 2008; *Pierce v. Beijing Matsushita Color CRT Co., Ltd., et al.*, No. C-08-337 (N.D. Cal.), filed on Jan. 17, 2008; *Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Inc., et al.*, No. C-07-05713 (D.N.J.), filed on Nov. 29, 2007; *Royal Data Services, Inc. v. Samsung Electronics Co. Ltd., et al.*, No. C-08-39 (D.N.J.), filed on Jan. 2, 2008; *Slagle v. Chunghwa Picture Tubes, Ltd. et al.*, No. C-08-05 (D. Vt.), filed on Jan. 9, 2008; *Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd. et al.*, No. C-08-62 (N.D. Ohio), filed on Jan. 10, 2008; *Wettstein & Sons, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, No. C-07-4889 (D. Minn.), filed on Dec. 18, 2007.

labor and expense for all parties. *In re Cuisinart Food Processor Antitrust Litigation*, 506 F.Supp. 651, 655 (J.P.M.L. 1981) ("transfer under Section 1407 is . . . necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, witnesses and the judiciary"). *Accord In re Motion Picture Licensing Antitrust Litigation*, 468 F.Supp. 837, 841-42 ( J.P.M.L. 1979); *In re Cement and Concrete Antitrust Litigation*, 465 F.Supp. 1299, 1300-01 (J.P.M.L. 1979).

     5.     PENAC agrees with the New York Direct Purchaser plaintiffs that the Southern District of New York is the most appropriate venue for the consolidated actions. The Southern District of New York was the forum selected by the first plaintiff to file a complaint, the *Kindt* indirect purchaser action, and three of the related direct purchaser actions have been filed in the district. *See In re Nortel Networks Corp. Secs. and "ERISA" Litig.*, 269 F. Supp.2d 1367 (J.P.M.L. 2003) (transferring to the district in which the first plaintiff filed a complaint). In addition, more than half of the related actions currently pending are located in districts on the eastern half of the United States, including actions pending in the Western District of Arkansas (one case); District of Minnesota (two cases), District of New Jersey (three cases), Southern District of New York (four cases); Northern District of Ohio (one case), District of South Carolina (one case), Eastern District of Tennessee (one case), District of Vermont (one case).

     6.     New York City is geographically convenient location for most of the parties and witnesses. *See In re Prempro Prods. Liab. Litig.*, 254 F.Supp. 2d 1366, 1368 (J.P.M.L. 2003) (taking into account "the range of locations of parties and witnesses in this docket and the geographic dispersal of current and anticipated constituent actions"). In particular, PENAC is headquartered in New York City. Other parties and witnesses who are not physically located in New York City nonetheless have easy access to the city through any of the three

-4-

airports servicing the area, two of which are international airports, several Amtrak train lines and other commuter trains. In particular, this case may involve travel to or from Europe, and New York City will be the most convenient forum for European witnesses.

7. In addition, the Southern District of New York has considerable expertise in dealing with the issues presented by complex multidistrict litigation. *See, e.g., In re Digital Music Antitrust Litig.*, 444 F.Supp.2d 1351 (J.P.M.L. 2006); *In re Elevator and Escalator Antitrust Litig.*, 350 F.Supp. 2d 1351 (J.P.M.L. 2004); *In re Pineapple Antitrust Litig.*, 342 F.Supp. 2d 1348 (J.P.M.L. 2004); *In re Oxycontin Antitrust Litig.*, 314 F.Supp. 2d 1388 (J.P.M.L. 2004); *In re Wireless Tel. Servs. Antitrust Litig.*, 249 F.Supp.2d 1379 (J.P.M.L. 2003); *In re Currency Conversion Fee Antitrust Litig.*, 176 F.Supp. 2d 1379 (J.P.M.L. 2001); *In re European Rail Pass Antitrust Litig.*, No. 1386, 2001 WL 587855 (J.P.M.L. Feb. 7, 2001); and *In re High Pressure Laminate Antitrust Litig.*, No. MDL 1368, 2000 WL 33180479 (J.P.M.L. Oct. 6, 2000). The Honorable George B. Daniels, who has been assigned the New York actions, has considerable experience in adjudicating antitrust claims and is eminently qualified to handle this litigation. Additionally, Magistrate Judge Theodore H. Katz, has been assigned to the New York cases and is also particularly experienced, capable and efficient judge. Because of the capabilities of both Judge Daniels and Magistrate Katz, and well as the general expertise of the Southern District of New York in dealing with the matters at issue in these cases, this forum is particularly suited to handle this litigation.

8.    For all of the above reasons, Defendants respectfully request that the Panel consolidate all pending CRT cases in the Southern District of New York.

Dated January ~~22~~, 2008          Respectfully Submitted

By: _____

JOSEPH A. OSTOYICH
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Telephone:    202-783-0800
Facsimile:    202-383-6610

Attorneys for Philips Electronics
North America

-6-

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: CATHODE RAY TUB (CRT) | : |
| ANTITRUST LITIGATION | : |

:  MDL DOCKET NO. 1917

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Arch Electronics, Inc.<br><br>**Defendants:** LG Electronics, Inc.; LP Displays International Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Samsung Electronics Co. Ltd.; Samsung SDI Co. Ltd.; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc. | S.D. of New York | 1:07-cv-10664 (filed 11/29/07) | George B. Daniels |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Art's TV and Appliance<br><br>**Defendants:** Matsushita Electric Industrial Co, Ltd., Panasonic Corporation of North America, Orion Electric Co., Ltd., Orion America, Inc., Koninklijke Philips Electronics N.V., Philips Electronics North America, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samtel Color, Ltd., Thai CRT Company, Ltd., Toshiba Corporation, Beijing-Matsushita Color CRT Company, Ltd., LP Displays International, Ltd., Matsushita Toshiba Picture Display Co., Ltd., Chunghwa Picture Tubes, LTD., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., Hitachi, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Irico Group Corp., Irico Display Devices Co., Ltd., LG Electronics, Inc. | N.D. of California | 3:07-cv-06416 (filed 12/19/07) | Joseph C. Spero |
| **Plaintiff:**<br>Charles Benson<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc.; L.G. Electronics, Inc.; LG Philips Displays USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Samsung Electronics Co.; Samsung Electronics America, Inc.; Samsung SDI Co., Ltd. f/k/a Samsung Display Device Co.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio) and LP Displays. | E.D. of Tennessee | 2:2008-cv-00011 (filed 01/14/08) | J. Ronnie Greer |

| **Plaintiff:**<br>Barbara Caldwell<br><br>**Defendants:** Matsushita Electric Industrial Co., Ltd.; Toshiba Corporation; Toshiba America, Inc.; MT Picture Display Co., LTD.; Samsung SDI Co., Ltd.; LP Displays International, Ltd.; Royal Philip Electronics N.V.; Chunghwa Picture Tubes, Ltd. | N.D. of California | 3:07-cv-06303 (filed 12/13/07) | Samuel Conti |
|---|---|---|---|
| **Plaintiff:**<br>Carroll Cut-Rate Furniture<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Irico Group Corp.; Irico Display Devices Co., Ltd.; LG Electronics, Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Orion Electric Co., Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America; Samsung SDI Co., Ltd.; Samsung SDI America, Ltd.; Samtel Color, Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; Beijing-Matsushita Color CRT Company, Ltd.; LP Displays International, Ltd.; Matsushita Toshiba Picture Display Co., Ltd. | N.D. of California | 3:08-cv-00309 (filed 1/17/08) | Maxine M. Chesney |

| Plaintiff:<br>Jerry Cook<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc.; L.G. Electronics, Inc.; LG Philips Display USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Samsung Electronics Co.; Samsung Electronics America, Inc.; Samsung SDI Co. Ltd.. f/k/a Samsung Display Device Co.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); LP Displays | W.D. of Arkansas | 5:2008-cv-05013 (filed 1/11/08) | Jimm Larry Hendren |
| Plaintiff:<br>Crago, Inc.<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Irico Group Corp.; Irico Display Devices Co., Ltd.; LG Electronics, Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Orion Electric Co., Ltd.; Orion America, Inc.; Koninklijke Philips Electronics N.V.; Philips Electronics North America; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samtel Color, Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; Beijing-Matsushita Color CRT Company, Ltd.; Matsushita Toshiba Picture Display Co., Ltd.; and LP Displays International, Ltd. | N.D. of California | 3:07-cv-05944 (filed 11/26/07) | Samuel Conti |

| | | | |
|---|---|---|---|
| **Plaintiff:** Jeffrey Figone **Defendants:** LG Electronics, Inc.; Samsung Electronics Co., Ltd.; Samsung SDI Co., Ltd.; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Samuel Color Ltd.; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Beijing-Matsushita Color CRT Company, Ltd.; Orion Electric Co., Ltd.; Orion America, Inc.; Hitachi LTD; Hitachi America Ltd.; Hitachi Asia, Ltd.; Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN, BHD; LP Displays International, Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America; Irico Group Corp.; Irico Display Devices Co., Ltd.; Thai CRT Company, Ltd.; Tatung Company of America, Inc. | N.D. of California | 3:07-cv-06331 (filed 12/13/07) | Samuel Conti |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Greg A. Glanz<br><br>**Defendants:** Samsung Electronics Co, Samsung Electronics America Inc, Samsung SDI Co Ltd, Toshiba Corporation, Toshiba America Electronics Components Inc, Toshiba America Information Systems Inc, Mt Picture Display Company, Mt Picture Display Corporation of America (New York), Mt Picture Display Corporation of America (Ohio), LP Displays, Chunghwa Picture Tubes Ltd, Tatung Company of America Inc, LG Electronics Inc, LG Philips Display USA Inc, Matsushita Electric Industrial Co Ltd, Panasonic Corporation of North America, Koninklijke Philips Electronics NV, Philips Electronics North America Corporation | D. of South Carolina | 4:07-cv-04175 (filed 12/31/07) | Terry L. Wooten |
| **Plaintiff:**<br>Hawel A. Hawel d/b/a City Electronics<br><br>**Defendants:** Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Irico Display Devices Co., Ltd.; LG Electronics Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of Northern America; Orion Electric Co., Ltd.; Orion America, Inc.; Koninklijke Philips Electronics, N.V.; Philips Electronics North America; Samsung SDI Co., Ltd.; Samtel Color, Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; Beijing-Matsushita Color CRT Company, Ltd.; Matsushita Toshiba Picture Display Co., Ltd.; LP Displays International, Ltd.; Samsung SDI America, Inc. | N.D. of California | 3:07-cv-06279 (filed 12/12/07) | Samuel Conti |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Industrial Computing, Inc.<br><br>**Defendants:** Matsushita Electric Industrial Co., Ltd., MT Picture Display Co., Ltd., Hitachi Ltd., Hitachi America Ltd., Hitachi Asia, Ltd., Panasonic Corporation of North America, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samtel Color Ltd., Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., LG Electronics, Inc., LP Displays, Royal Philips Electronics North America, Philips Electronics North America, Toshiba Corporation, Toshiba Matsushita Display Technology Co., Ltd. | S.D. of New York | 1:07-cv-11203 (filed 12/13/07) | George B. Daniels |
| **Plaintiff:**<br>Michael Juetten and Chad Klebs<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; LP Displays International, Ltd.; Matsushita Electric Industrial Co. Ltd.; MT Picture Display Co., Ltd.; Koninklijke Philips Electronics N.V.; Samsung SDI Co.; Toshiba Corp.; Toshiba America, Inc. | N.D. of California | 3:07-cv-06225 (filed 12/10/07) | Samuel Conti |
| **Plaintiff:**<br>Andrew Kindt<br><br>**Defendants:** Matsushita Electric Industrial Co., Ltd.; Samsung SDI Co., Ltd.; LP Displays International, Ltd.; MTPicture Display Co., Ltd.; Toshiba Corp.; Toshiba America, Inc. | S.D. of New York | 1:07-cv-10322 (filed 11/13/07) | George B. Daniels |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Barry Kushner and Alan Rotman<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd., Tatung Company of America, Inc., L.G. Electronics, Inc., LG Philips Display USA, Inc., Matsushita Electric Industrial Co. Ltd., Panasonic Corporation of North America, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Samsung Electronics Co., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., MT Picture Display Company, MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio) and LP Displays | D.C. of Minnesota | 0:2008-cv-00160 (filed on 1/16/08) | Patrick J. Schiltz |
| **Plaintiff:**<br>Meijer, Inc. and Meijer Distribution, Inc.<br><br>**Defendants:** LG Electronics, Inc.; LP Displays International Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Samsung Electronics Co., Ltd.; Samsung SDI Co. Ltd.; Samsung Electronics America, Inc.; Samsung SDI America, Inc.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); Chunghwa Picture Tubes, Ltd.; Tatung Company Of America, Inc. | S.D. of New York | 1:07-cv-10674 (filed 11/29/07) | George B. Daniels |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Monikraft, Inc.<br><br>**Defendants:** Matsushita Electric Industrial Co., Ltd., Panasonic Corporation of North America, Orion Electric Co., Ltd., Orion America, Inc., Koninklijke Philips Electronics N.V., Philips Electronics North America, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samtel Color, Ltd., Thai CRT Company, Ltd., Toshiba Corporation, Beijing-Matsushita Color CRT Company, Ltd., LP Displays International, Ltd., Chunghwa Picture Tubes, LTD., Chunghwa Picture Tubes (Malaysia) SDN. BHD, Hitachi, Ltd., Hitachi America, Ltd, Hitachi Asia, Ltd., Irico Group Corp., Irico Display Devices Co., Ltd., LG Electronics, Inc. | N.D. of California | 3:07-cv-06433 (filed 12/21/07) | Samuel Conti |
| **Plaintiff:**<br>Nathan Muchnick, Inc.<br><br>**Defendants:** Chunghwa Picture Tubes Ltd.; Tatung Company of America, Inc.; LG Electronics Inc.; LG Philips Display USA, Inc.; Matsushita Electric Industrial Company, Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics, N.V.; Philips Electronics North America Corporation; Samsung Electronics Co. Ltd.; Samsung Electronics America, Inc.; Samsung SDI Co., Ltd.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio) | N.D. of California | 3:07-cv-05981 (filed 11/27/07) | Samuel Conti |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>OK TV & Appliances, LLC<br><br>**Defendants:** Samsung Electronics Co., Ltd.; Samsung SDI Co. Ltd.; Samsung Electronics America, Inc.; Matsushita Electric Industrial Co. Ltd.; Matsushita Toshiba Picture Display Co., Ltd.; MT Picture Display Corporation of America; Panasonic Corporation of North America; Toshiba Corporation; Toshiba America Consumer Products, LLC; Orion Electric Co., Ltd.; Royal Philips Electronics N.V.; Philips Electronics North America Corp.; LG Electronics, Inc.; LG Electronics USA, Inc.; LP Displays International, Ltd.; Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc.; TPV Technology, Ltd., Co.; TPV International (USA), Inc.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd. | D. of New Jersey | 2:08-cv-0086 (filed 1/7/08) | Joseph A. Greenaway, Jr. |
| **Plaintiff:**<br>Orion Home Systems, LLC<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Irico Group Corp.; Irico Display Devices Co., Ltd.; LG Electronics U.S.A., Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Orion Electric Co, Ltd.; Orion America, Inc.; Koninklijke Philips Electronics N.V.; Philips Electronics North America; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samtel Color, Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation, Beijing-Matsushita Color CRT Company, Ltd.; Matsushita Toshiba Picture Display Co., Ltd.; LP Displays International, Ltd. | N.D. of California | 3:2008-cv-00178 (filed on 1/10/08) | Elizabeth D. Laporte |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Mark Pierce<br><br>**Defendants:** Beijing-Matsushita Color CRT Company, Ltd.; Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; Irico Group Corporation; Irico Display Devices Co., Ltd.; LG Electronics, Inc.; LP Displays International, Ltd.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Orion Electric Co., Ltd.; Orion America, Inc.; Koninklijke Philips Electronics N.V.; Philips Electronics North America; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samtel Color, Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; MT Picture Display Co, Ltd. | N.D. of California | 3:08-cv-00337 (filed 1/17/08) | Maxine M. Chesney |
| **Plaintiff:**<br>Princeton Display Technologies, Inc.<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; LG Electronics, Inc.; LP Displays; Royal Philips Electronics N.V.; Toshiba Corporation; Toshiba Matsushita Display Technology Co., Ltd.; Matsushita Electric Industrial Co. Ltd. ; MT Picture Display; Hitachi Ltd.; Hitachi America Ltd.; Hitachi Asia, Ltd.; Panasonic Corporation of North America ; Samtel Color, Ltd. | D. of New Jersey | 2:07-cv-05713 (filed 11/29/07) | Katharine S. Hayden |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Royal Data Services, Inc.<br><br>**Defendants:** Samsung Electronics Co,, Ltd.;<br>Samsung SDI Co. Ltd.; Samsung Electronics<br>America, Inc.; Matsushita Electric Industrial<br>Co. Ltd.; Matsushita Toshiba Picture Display<br>Co., Ltd.; MT Picture Display Corporation of<br>America; Panasonic Corporation of North<br>America; Toshiba Corporation; Toshiba<br>America Consumer Products, LLC; Orion<br>Electric Co., Ltd.; Royal Philips Electronics<br>N.V.; Philips Electronics North America<br>Corp.; LG Electronics, Inc.; LG Electronics<br>USA, Inc.; LP Displays International, Ltd.;<br>Chunghwa Picture Tubes, Ltd.; Tatung<br>Company of America, Inc.; TPV<br>Technology, Ltd., Co.; TPV International<br>(USA), Inc.; Hitachi, Ltd.; Hitachi America,<br>Ltd.; Hitachi Asia, Ltd. | D. of New<br>Jersey | 2:08-cv-<br>0039<br>(filed<br>1/2/08) | Joseph A.<br>Greenaway,<br>Jr. |
| **Plaintiff:**<br>Margaret Slagle<br><br>**Defendants:**  Chunghwa Picture Tubes, Ltd.;<br>Tatung Company of America, Inc.; L.G.<br>Electronics, Inc.; LG Philips Display USA,<br>Inc.; Matsushita Electric Industrial Co. Ltd.;<br>Panasonic Corporation of North America;<br>Koninklijke Philips Electronics N.V.; Philips<br>Electronics North America Corporation;<br>Samsung Electronics Co.; Samsung<br>Electronics America, Inc.; Samsung SDI Co.<br>Ltd. f/k/a Samsung Display Device Co.;<br>Toshiba Corporation; Toshiba America<br>Electronics Components, Inc.; Toshiba<br>America Information Systems, Inc.; MT<br>Picture Display Company; MT Picture Display<br>Corporation of America (New York); MT<br>Picture Display Corporation of America<br>(Ohio); LP Displays | D. of<br>Vermont | 2:2008-<br>cv-00005<br>(filed on<br>1/9/08) | William K.<br>Sessions III |

| | | | |
|---|---|---|---|
| **Plaintiff:**<br>Southern Office Supply, Inc.<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc.; L.G. Electronics, Inc.; LG Philips Display USA, Inc.; Matsushita Electric Industrial Co. Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Samsung Electronics Co.; Samsung Electronics America, Inc.; Samsung SDI Co. Ltd. f/k/a Samsung Display Device Co.; Toshiba Corporation ; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); LP Displays | N.D. of Ohio | 1:2008-cv-00062 (filed on 1/10/08) | Donald C. Nugent |
| **Plaintiff:**<br>Wettstein and Sons, Inc., d/b/a Wettstein's<br><br>**Defendants:** Chunghwa Picture Tubes, Ltd.; Tatung Company of America, Inc.; L.G. Electronics, Inc.; LG Philips Display USA, Inc.; Matsushita Electric Industrial Co. Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Samsung Electronics Co.; Samsung Electronics America, Inc.; Samsung SDI Co. Ltd. f/k/a Samsung Display Device Co.; Toshiba Corporation; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio); LP Displays | D. of Minnesota | 0:07-cv-4889 (filed 12/18/07) | Michael J. Davis |

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: CATHODE RAY TUB (CRT) | : | MDL DOCKET NO. 1917 |
| ANTITRUST LITIGATION | : | |

## CERTIFICATE OF SERVICE

I, Joseph A. Ostoyich, of Howrey LLP, one of the attorneys representing Defendant

Philips Electronics North America Corporation a/k/a PENAC, hereby certify that on January

22, 2008, I caused copies of the following documents to be served by United States First

Class Mail on the persons identified on the attached Service List.

    (1)    Notice of Appearance;

    (2)    Notice of Presentation or Waiver of Oral Argument;

    (3)    Rule 5.3 Corporate Disclosure Statement;

    (4)    Philips Electronics North America Corporation's Interested Party Response to: (1) Plaintiff Crago, Inc.'s Motion for Transfer of Actions to the Northern District of California for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, and (2) New York Direct Purchaser Plaintiff's Motion for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, (3) Plaintiff Princeton Display Technologies, Inc.'s Motion for Transfer and Consolidation of Related Antitrust Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407, (4) Plaintiff Glanz's Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer but Seeking Transfer and Consolidation in the District of South Carolina; and (5) Plaintiff Wettstein & Sons, Inc.'s Interested Party Response Concurring in the 28 U.S.C. Motion to Transfer but Seeking Transfer and Consolidation in the District of Minnesota; and

    (5)    Schedule of Actions.

_____
Joseph A. Ostoyich

**PLAINTIFFS**

**Counsel for Arch Electronics, Inc.**

Anthony J. Bolognese
Joshua H. Grabar
BOLOGNESE & ASSOCIATES, L.L.C.
1500 JFK Boulevard, Suite 320
Philadelphia, PA 19102
Tel: (215) 814-6751
Fax: (215) 814-6764

Robert N. Kaplan
Linda P. Nussbaum
Gregory K. Arenson
KAPLAN FOX & KILSHEIMER, L.L.P.
850 Third Avenue
14th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714
Email: RkaplangKaplanfox.Com
Email: Lnussbaum@Kaplanfox.Com
Email: Garenson@Kaplanfox.Com

**Counsel for Art's TV & Appliance**

Harry Shulman
THE MILLS LAW FIRM
145 Marina Boulevard
San Rafael, CA 94901
Tel: 415-445-1326
Fax: 415-455-1327
Email: Harry@Millslawfirm.Com

**Counsel for Charles Benson**

Gordon Ball
BALL & SCOTT
Suite 750, 550 Main Ave.
Knoxville, TN 37902
Tel. : (865) 525-7028
Fax : (865) 525-4679
Email : gball@ballandscott.com

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Tel.: (216) 622-1851
Fax: (216) 622-1852
Email: karon@gsk-law.com

Krishna B. Narine
LAW OFFICE OF KRISHNA B. NARINE
7839 Montgomery Ave.
Elkins Park, PA 19027
Tel: (215) 771-4988
Fax: (215) 782-3241
Email: knarine@kbnlaw.com

Isaac L. Diel
SHARP MCQUEEN
135 Oak Street
Bonner Springs, KS 66012
Tel: (913) 383-8711
Fax: (913) 422-0307
Email: dslawkc@aol.com

Donna F. Solen
THE MASON LAW FIRM, LLP
1225 19th Street, N.W.
Suite 500
Washington, DC 20036
Tel: (202) 640-1162
Fax: (202) 429-2294
Email: dsolen@masonlawdc.com

**Counsel for Barbara Caldwell**

Thomas Patrick Dove
Christopher Lee Lehsock
Jon T. King
Henry A. Cirillo
Michael S. Christian
Kathleen Styles Rogers
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Tel : (415) 433-2070
Fax: (415) 982-2076

Marvin A. Miller
Lori A. Fanning
Matthew E. Van Tine
MILLER LAW LLC
115 South Lasalle Street, Suite 2910
Chicago, IL 60603
Tel: 312 332-3400
Fax: 312 676-2676

**Counsel for Carroll Cut-Rate Furniture**

Jeff D. Friedman
Anthony D. Shapiro
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 7250-3001
Email: jefff@hbsslaw.com
        tony@fklmlaw.com

Steven A. Kanner
William H. London
Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
Fax: (224) 632-4519
Email: kanner@fklmlaw.com
        blondon@fklmlaw.com
        doug@fklmlaw.com

**Counsel for Jerry Cook**

Charles M. Kester
THE KESTER LAW FIRM
P.O. Box 184
Fayetteville, AR 72702-0184
Tel: (479) 582-4600
Fax: (479) 571-1671
Email: cmkester@nwark.com

Bruce Mulkey
THE MULKEY ATTORNEYS GROUP, P.A.
1039 W. Walnut, Suite 3
Rogers, AR 72756
Tel : (479) 631-0481
Fax : (479) 631-5994
Email : bruce@mulkeylaw.com

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Tel.: (216) 622-1851
Fax: (216) 622-1852
Email: karon@gsk-law.com

Krishna B. Narine
LAW OFFICE OF KRISHNA B. NARINE
7839 Montgomery Ave.
Elkins Park, PA 19027
Tel: (215) 771-4988
Fax: (215) 782-3241
Email: knarine@kbnlaw.com

Isaac L. Diel
SHARP MCQUEEN
135 Oak Street
Bonner Springs, KS 66012
Tel: (913) 383-8711
Fax: (913) 422-0307
Email: dslawkc@aol.com

Donna F. Solen
THE MASON LAW FIRM, LLP
1225 19th Street, N.W.
Suite 500
Washington, DC 20036
Tel: (202) 640-1162
Fax: (202) 429-2294
Email: dsolen@masonlawdc.com

Alexander E. Barnett
THE MASON LAW FIRM, LLP
1120 Avenue of the Americas
Suite 4019
New York, NY 10036
Tel: (212) 362-5770
Fax: (917) 591-5227
Email: abarnett@masonlawdc.com

**Counsel for Crago, Inc.**

Bruce L. Simon
PEARSON, SIMON, SOTER, WARSHAW & PELLY, LLP
44 Montgomery Street
Suite 1200
San Francisco, CA 94104
Tel: 415-433-9000
Fax: 415-433-9008
Email:  bsimon@psswplaw.com

**Counsel for Jeffrey Figone**

Mario N. Alioto
Lauren Clare Russell
TRUMP ALIOTO TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Tel: 415 563-7200
Fax: 415 346-0679
Email: Malioto@Tatp.Com
Email: Laurenrussell@Tatp.Com

**Counsel for Greg A. Glanz**

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Tel: (216) 622-1851
Fax: (216) 622-1852

John Gressette Felder, Jr
MCGOWAN HOOD AND FELDER
1405 Calhoun Street
Columbia, SC 29201
Tel: 803-779-0100
Fax: 803-787-0750
Email: Jfelder@Mcgowanhood.Com

Steven Randall Hood
William A McKinnon
MCGOWAN, HOOD & FELDER, LLC
1539 Healthcare Drive
Rock Hill, SC 29732
Tel : 803-327-7800
Fax: 803-328-5656
Email: Rhood@Mcgowanhood.Com
Email: Bmckinnon@Mcgowanhood.Com

**Counsel for Hawel A. Hawel D/B/A City Electronics**

Guido Saveri
Richard Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI INC.
111 Pine Street
Suite 1700
San Francisco, CA 94111
415-217-6810
Email: Guido@Saveri.Com
Email: Rick@Saveri.Com
Email: Zirpoli@Saveri.Com

Roger Martin Schrimp
Fred A. Silva
Betty Lisa Julian
Kathy Lee Monday
DAMRELL NELSON SCHRIMP PALLIOS PACHER & SILVA
1601 I Street, 5th Floor
Modesto, CA 95354
209 526-3500
Email: Fsilva@Damrell.Com
Email: Bjulian@Damrell.Com
Email: Kmonday@Damrell.Com
Email: Rschrimp@Damrell.Com

**Counsel for Industrial Computing, Inc.**

Jeffrey Alan Klafter
KLAFTER & OLSEN LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10602
Tel: (914) 997-5656
Fax: (914) 997-5656
Email: Jak@Klaflerolsen.Com

**Counsel for Michael Juetten and Chad Klebs**

Craig C. Corbin
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
44 Montgomery Street
Suite 3400
San Francisco, CA 94104
Tel : 415-693-0700
Fax: 415-693-0770
Email: Ccorbitt@Zelle.Com

**Counsel for Andrew Kindt**

Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue
Floor 58
New York, NY 10110
Tel: (212) 608-1900
Fax: (212) 719-4677

**Counsel for Barry Kushner and Alan Rotman**

Jeffrey D. Bores
Karl L. Cambronne
CHESTNUT & CAMBRONNE
222 S. 9th St., Ste. 3700
Minneapolis, MN 55402
Tel: (612) 339-7300
Fax: (612) 336-2940
Email: jbores@chestnutcambronne.com

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Tel.: (216) 622-1851
Fax: (216) 622-1852
Email: karon@gsk-law.com

Krishna B. Narine
LAW OFFICE OF KRISHNA B. NARINE
7839 Montgomery Ave.
Elkins Park, PA 19027
Tel: (215) 771-4988
Fax: (215) 782-3241
Email: knarine@kbnlaw.com

Isaac L. Diel
SHARP MCQUEEN
135 Oak Street
Bonner Springs, KS 66012
Tel: (913) 383-8711
Fax: (913) 422-0307
Email: dslawkc@aol.com

**Counsel for Meijer, Inc. and Meijer Distribution, Inc.**
Robert N. Kaplan
Linda P. Nussbaum
Gregory Keith Arenson
KAPLAN FOX & KILSHEIMER, L.L.P.
850 Third Avenue
14th Floor
New York, NY 10022
Tel : (212) 687-1980
Fax: (212) 687-7714
Email: Rkaplang@Kaplanfox.Com
Email: Lnussbaurn@Kaplanfox.Com
Email: Garenson@Kaplanfox.Com

**Counsel for Monikraft Inc.**

Michael P. Lehman
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Tel: 415-983-3321
Fax: 415-986-3643
Email: Mlehmann@Cmht.Com

**Counsel for Nathan Muchnick, Inc.**

H. Laddie Montague, Jr.
Candice J. Enders
Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 800-424-6690
Fax: 215-875-4604
Email: Hlmontague@Bm.Net
Email: Cenders@Bm.Net
Email: Rgordon@Bm.Net

Richard Martin Heimann
Eric B. Fastiff
Joseph Richard Saveri
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street
30th Floor
San Francisco, CA 94111-3339
Tel : 415-956-1000
Fax: 415-956-1008
Email: Efastiff@Lchh.Com
Email: Jsaveri@Lchb.Com
Email: Rheimann@Lchh.Com

**OK TV & Appliances, LLC**

Lisa J. Rodriguez
TRUJILLO, RODRIGUEZ & RICHARDS, LLP
8 Kings Highway West
Haddonfield, NJ 08033
Tel: (856) 795-9002
Email: lisa@trrlaw.com

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981

**Counsel for Orion Home Systems, LLC**

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111-5619
Tel: (415) 217-6810
Fax: (415) 217-6813

Randy Renick
HADSELL, STORMER, KEENY, RICHARDSON & RENICK
The Marine Building
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Tel: (626) 585-9600
Fax: (626) 577-7079

Joseph W. Cotchett
Steven N. Williams
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

**Counsel for Mark Pierce**

Joseph M. Alioto
ALIOTO LAW FIRM
555 California Street, 31st Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email: jmalioto@aliotolaw.com

Michael S. Christian
Henry A. Cirillo
Thomas Patrick Dove
Jonathon Mark Watkins
THE FURTH LAW FIRM
225 Bush Street, 15th Floor
San Francisco, CA  94104-4349
Tel: (415) 233-2070
Fax: (415) 982-2076
Email:  mchristian@furth.com
          Hcirillo@furth.com
          tdove@furth.com
          jwatkins@furth.com

Lora A. Fanning
Marvin A. Miller
Matthew E. Van Tine
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
Fax:  (312) 676-2676

**Counsel for Princeton Display Technologies, Inc.**

Bryan L. Clobes
CAFFERTY FAUCHER LLP
1717 Arch Street, 36th Floor
Philadelphia, PA 19103
Tel: (215) 864-2800
Email: Bclobes@caffertyfaucher.Com

Jayne Goldstein
Lee Albert
MAGER & GOLDSTEIN, LLP
1818 Market Street
Suite 3710
Philadelphia, PA 19103
Tel: (215) 640-3283
Email: Lalbert@Magergoldstein.Com

James E. Cecchi
Lindsey H. Taylor
CARELLA BYRNE BAIN GILFILLAN CECCHI STEWART & OLSTEIN, PC
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
Email: Jcecchi@Carellabyrne.Com
Email: Ltaylor@Carellabyrne.Com

**Counsel for Royal Data Services, Inc. and OK TV & Appliances, Inc.**

Lisa J. Rodriguez
TRUJILLO, RODRIGUEZ & RICHARDS, LLP
8 Kings Highway West
Haddonfield, NJ 08033
Tel: (856) 795-9002
Email: lisa@trrlaw.com

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981

**Counsel for Margaret Slagle**

Mary G. Kirkpatrick
KIRKPATRICK & GOLDSBOROUGH, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05401
Tel: (802) 651-0960
Fax: (802) 651-0964
Email: mkirk@vtlawfirm.com

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Tel.: (216) 622-1851
Fax: (216) 622-1852
Email: karon@gsk-law.com

Krishna B. Narine
LAW OFFICE OF KRISHNA B. NARINE
7839 Montgomery Ave.
Elkins Park, PA 19027
Tel: (215) 771-4988
Fax: (215) 782-3241
Email: knarine@kbnlaw.com

Isaac L. Diel
SHARP MCQUEEN
135 Oak Street
Bonner Springs, KS 66012
Tel: (913) 383-8711
Fax: (913) 422-0307
Email: dslawkc@aol.com

Donna F. Solen
THE MASON LAW FIRM, LLP
1225 19th Street, N.W.
Suite 500
Washington, DC 20036
Tel: (202) 640-1162
Fax: (202) 429-2294
Email: dsolen@masonlawdc.com

**Counsel for Southern Office Supply, Inc.**

Daniel R. Karon
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113-1998
Tel.: (216) 622-1851
Fax: (216) 622-1852
Email: karon@gsk-law.com

Krishna B. Narine
LAW OFFICE OF KRISHNA B. NARINE
7839 Montgomery Ave.
Elkins Park, PA 19027
Tel: (215) 771-4988
Fax: (215) 782-3241
Email: knarine@kbnlaw.com

Isaac L. Diel
SHARP MCQUEEN
135 Oak Street
Bonner Springs, KS 66012
Tel: (913) 383-8711
Fax: (913) 422-0307
Email: dslawkc@aol.com

Donna F. Solen
THE MASON LAW FIRM, LLP
1225 19th Street, N.W.
Suite 500
Washington, DC 20036
Tel: (202) 640-1162
Fax: (202) 429-2294
Email: dsolen@masonlawdc.com

**Counsel for Wettstein & Sons, Inc.**

Samuel D. Heins
Vincent J. Esades
Scott W. Carlson
HEINS MILLS & OLSON, PLC
310 Clifton Avenue
Minneapolis, MN  55403
Phone: (612) 338-4605
Fax: (612) 338-4692
Email: heins@heinsmills.com
        vesades@heinsmills.com
        scarlson@heinsmills.com

Michael Stoker
JOHNS FLAHERTY & COLLINS, S.C.
Exchange Building, Suite 600
205 Fifth Avenue South
P.O. Box 1626
LaCrosse, WI 54602-1626
Email: michael@johnsflaherty.com

Steven J. Greenfogel
MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.
1521 Locust St., 8th Floor
Philadelphia, PA  19102
Phone:  (215) 564-5182
Email:  sgreenfogel@mcgslaw.com

**DEFENDANTS REPRESENTED BY COUNSEL**

**Counsel for Defendant Hitachi America Ltd.**

Kent M. Roger
MORGAN, LEWIS & BOCKIUS LLP
One Market Plaza
Spear Tower
San Francisco,CA 94105
Tel: (415) 422-1140
Fax: (415) 442-1001

**Counsel for Defendant Orion America Inc.**
**and Orion Electric Co., Ltd.**

Barry Bendes, Esq.
Anthony J. Viola
EDWARDS ANGELL PALMER & DODGE, LLP
750 Lexington Avenue
New York, NY 10022
Tel: (212) 308-4411
Fax: (212) 308-4844
bbendes@eapdlaw.com
aviola@eapdlaw.com

**Counsel for Defendant Samsung SDI America, Inc.**

Gary L. Halling, Esq.
James L. McGinnis
SHEPPARD MULLINS RICHTER & HAMPTON LLP
4 Embarcadero Center
17th floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

**Counsel for Defendants Matsushita  Electric Industrial Co., Ltd.,**
**Matsushita Toshiba Electic Industrial Co., Ltd.  and**
**Panasonic Corp. of North America Corporation**

David L. Yohai
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**Counsel for Defendant Toshiba  America, Inc.**

Christopher M. Curran, Esq.
WHITE & CASE LLP
701 13th Street, N.W.
Washington, DC 20005
Tel: (202) 626-3643
Fax: (202) 639-9355
Email: ccurran@whitecase.com

**ADDITIONAL DEFENDANTS**

BEIJING-MATSUSHITA COLOR CRT CO., LTD.
No. 9 Jiuxiangiao N. Rd.
Dashanzi Chaoyang District
Beijing, China

CHUNGHWA PICTURE TUBES, LTD.
No. 1127, Heping Road
Bade City, Taoyuan
Taiwan

CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.
Lot 1, Subang Hi-Tech Industrial Park
Batu Tiga, 4000 Shah Alam
Selango Darul Ehsan, Malaysia

HITACHI ASIA, LTD.
16 Collyer Quay, #20-00 Hitachi Tower
Singapore 049318

HITACHI, LTD.
6-6, Marunouchi 1-chome
Building 13F
Chiyoda-ku, Tokyo 100-8280
Japan

IRICO DISPLAY DEVICES CO.
No. 16 Fenghui South Road West
District High-tech Development Zone
Xi'an, SX1 710075

IRICO GROUP CORP.
1 Caihong Rd.
Xianyang City, Shaanxi Province 712021
China

KONINKLIJKE PHILIPS ELECTRONICS N.V.
Breitner Center, Amstelplein 2, 1096 BC
1070MX Amsterdam, The Netherlands

LG ELECTRONICS, INC.
LG Twin Towers
20, Yeouido-dong, Youngdungpo-gu
Seoul, Korea 150-721

LP DISPLAYS INTERNATIONAL
6th Floor, ING Tower
308 Des Voeux Road Central
Sheung Wan, Hong Kong

MATSUSHITA ELECTRIC INDUSTRIES, LTD.
1006 Kadoma
Osaka
571-8501 Japan

Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

Clerk of Court
United States District Court
District of Minnesota
300 South Fourth Street, Room 202
Minneapolis, Minnesota, 55415

Clerk of Court
United States District Court
Northern District of California
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Clerk of Court
United States District Court
District of South Carolina
Post Office Box 2557
Florence, SC 29503

Clerk of Court
United States District Court
District of Vermont
U.S. District Court
P.O. Box 945
Burlington, VT 05402-0945

Clerk of Court
United States District Court
Eastern District of Tennessee
800 Market Street, Suite 130
Knoxville, TN 37902

Clerk of Court
United States District Court
Western District of Arkansas
Judge Isaac C. Parker Federal Building, Room 1038
P. O. Box 1547
Fort Smith, Arkansas 72902-1547

Clerk of Court
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1830

*(Panel Attorney Service List for MDL 1,917 Continued)*

| ATTORNEY – FIRM | REPRESENTED PARTY(S) |
|---|---|
| Koninklijke Philips Elect,<br>Breitner Center, Amstelplein 2, 1096 BC<br>Amsterdam, The Netherlands | ⇒<br>Koninklijke Philips Electronics N.V. |
| LG Electronics, Inc.,<br>LG Twin Towers<br>20, Yeouido-dong, Youngdungpo-gu<br>Seoul<br>150-721 Korea | ⇒<br>LG Electronics, Inc. |
| LP Displays International,<br>6th Floor, ING Tower<br>308 Des Voeux Road Central<br>Sheung Wan, Hong Kong | ⇒<br>LP Displays International, Ltd. |
| Lovell, Christopher<br>LOVELL STEWART HALEBIAN LLP<br>500 Fifth Avenue<br>Floor 58<br>New York, NY 10110 | ⇒Phone: (212) 608-1900  Fax: (212) 719-4677<br>Kindt, Andrew* |
| Matsushita Toshiba Pictur,<br>1-1, Saiwai-cho<br>Takatsuki-shi, Osaka 569-1193, Japan | ⇒<br>Matsushita Toshiba Picture Display Co., Ltd. |
| Philips Electronics NA,<br>Lawyers Incorporating Service<br>P.O. Box 526036<br>Sacramento, CA 95852 | ⇒<br>Philips Electronics North America Corp. |
| Roger, Kent M.<br>MORGAN LEWIS & BOCKIUS LLP<br>One Market, Spear Tower<br>San Francisco, CA 94105-1126 | ⇒Phone: (415) 442-1140  Fax: (415) 442-1001<br>Hitachi America, Ltd.* |
| Samsung SDI Co., Ltd.,<br>575 Shin-dong, Youngiong-gu Suwon<br>Kyonggi, South Korea | ⇒<br>Samsung SDI Co., Ltd. |
| Samtel Color, Ltd.,<br>52, Community Centre, New Friends Colony<br>New Delhi-110065 | ⇒<br>Samtel Color, Ltd. |
| Simon, Bruce L.<br>PEARSON SIMON SOTER WARSHAW & PENNY LLP<br>44 Montgomery Street<br>Suite 1200<br>San Francisco, CA 94104 | ⇒Phone: (415) 433-9000  Fax: (415) 433-9008  Email: bsimon@psswplaw.com<br>Crago, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Thai CRT Co., Ltd., <br> 1/F 26 Siam Cement Rd <br> Bangsue Dusit, Bangkok, Thailand | => <br> Thai CRT Co., Ltd. |
| Toshiba Corp., <br> Legal Affairs Division <br> 1-1, Shibaura 1-Chome <br> Minato-Ku, Tokyo <br> 105-8001 Japan | => <br> Toshiba Corp. |
| Viola, Anthony J. <br> EDWARDS ANGELL PALMER & DODGE LLP <br> 750 Lexington Avenue <br> New York, NY 10022 | =>Phone: (212) 912-2827 Fax: (212) 308-4844 Email: aviola@eapdlaw.com <br> Orion Electric Co., Ltd.* |
| Yohai, David L. <br> WEIL GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, NY 10153-0119 | =>Phone: (212) 310-8000 Fax: (212) 310-8007 <br> Matsushita Electric Industrial Co., Ltd.*; Panasonic Corp. of North America* |

Note: Please refer to the report title page for complete report scope and key.